IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAC INVESTMENT HOLDINGS, LLC, et al.[1], <br><br> Debtors. | Chapter 7 <br><br> Case No. 23-10316 (BLS) <br> (Jointly Administered) |
| DONNON JOHNSON and ANTOINIQUE RANDOLPH, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RAC INVESTMENT HOLDINGS, LLC, RAC KING, LLC, RAC DEALERSHIP, LLC, RAC INTERMEDIATE HOLDINGS, LLC, RAC SERVICER, LLC, and RAC ASSET HOLDINGS, LLC, <br><br> Defendants. | Adv. Proc. No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiffs Donnon Johnson and Antoinique Randolph ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees of RAC Investment Holdings, LLC, RAC King, LLC, RAC Dealership, LLC, RAC Intermediate Holdings, LLC, RAC Servicer, LLC, and RAC Asset Holdings, LLC ("Defendants") by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

## NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoff and/or plant closing ordered by Defendants on or about February 24, 2023, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., (the "WARN Act").

2. Plaintiffs were terminated along with approximately 288 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant closing ordered by Defendants during the 30-day period beginning February 24, 2023.

3. Defendants failed to give Plaintiffs and other similarly situated employees of Defendants at least 60 days' advance notice of their terminations, as required by the WARN Act. Plaintiffs and other similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 29 U.S.C. § 2104(a)(5).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

7. Plaintiff Donnon Johnson was employed by Defendants as a collections manager from January 3, 2017, until February 24, 2023.

8. Plaintiff Antoinique Randolph was employed by Defendants as an account manager from September 2021 until February 24, 2023.

9. Plaintiffs are both residents of the state of Tennessee.

10. Upon information and belief, at all relevant times, Plaintiffs worked at Defendants' headquarters located at 6775 Lenox Center Court, Memphis, Tennessee.

11. On or about February 24, 2023, Plaintiffs were notified of their terminations effective immediately.

12. On February 24, 2023, Plaintiffs and other similarly situated employees received an email from Noah Hogan, who is identified therein as CEO of RAC Servicer, LLC, RAC King, LLC, and RAC Dealership, LLC (collectively, "RAC" or the "Company"), titled "Notice of Closing and Layoff" in which they were informed that effective immediately, they were terminated from their employment.

13. At no time prior to February 24, 2023, did Plaintiffs receive written notice that their employment would be terminated.

14. Plaintiffs were both terminated without cause.

15. Along with Plaintiffs, an estimated 288 other employees of Defendants who worked at, reported to, or received assignments from facilities operated by Defendants were terminated on or about February 24, 2023, without 60 days' advance written notice.

### *Defendants*

16. Upon information and belief and at all relevant times, Defendants operate a company engaged in the used car business throughout the United States under the name "American Car Center."

17. Upon information and belief and at all relevant times, Defendants operate a

business that provides sub-prime consumers used cars along with a financing arm that allows consumers to lease the vehicles.

18. Debtors RAC Investment Holdings, LLC, RAC King, LLC, RAC Dealership, LLC, RAC Intermediate Holdings, LLC, RAC Servicer, LLC and RAC Asset Holdings, LLC are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.

19. Upon information and belief and at all relevant times, Defendants maintained a facility at 6400 Winchester Road, Memphis, Tennessee and 114 West Fort Street, Manchester, Tennessee, where they did business as American Financial Inc., a lending arm of American Car Center.

20. Upon information and belief and at all relevant times, the facilities Defendants operated at 6775 Lenox Center Court and 6400 Winchester Road, Memphis, Tennessee (cumulatively, the "Facility") each employed more than 50 full time employees at the time of the closing

21. Upon information and belief and at all relevant times, Defendants are owned by York Capital Management, LLC.

22. At all relevant times, Defendants conducted business in this district.

23. On March 17, 2023, Defendants each filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Bankruptcy Code in this Court.

24. By Order of the Court dated March 17, 2023 (D.I. 14), the bankruptcy cases are being jointly administered under Bankruptcy Case Number 23-10316.

**REPRESENTATIVE AND CLASS ACTION ALLEGATIONS**

25. Plaintiffs bring this representative action pursuant to 29 U.S.C. § 2104(a)(5), suing "for" themselves and all other similarly situated former employees.

26. Plaintiffs bring this claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to the Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, received assignments from, or reported to the Facility, who were terminated without cause during the 30-day period beginning February 24, 2023 or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants during the 30-day period beginning February 24, 2023 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

27. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 288 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

28. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendants' books and records.

29. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

30. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Defendants who worked at, received assignments from, or reported to the Facility;

(b)    whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

(c)    whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

(d) whether Defendants, as a single employer, violated the WARN Act.

31.    Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, received assignments from, or reported to the Facility and were terminated without cause during the 30-day period beginning February 24, 2023 due to the mass layoff and/or plant closing ordered by Defendants.

32.    At all relevant times, Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order a mass layoff or plant closing at the Facility.

33.    Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

34.    Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

35.    Concentrating all the potential litigation concerning the WARN Act rights of the

members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

36. The relief sought in this proceeding is equitable.

37. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

**CLAIM FOR RELIEF**
**VIOLATION OF THE WARN ACT, 29 U.S.C. § 2104 ET SEQ.**

38. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

39. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

40. At all relevant times, Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facility.

41. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

42. During the 30-day period beginning February 24, 2023, Defendants ordered mass layoff or plant closing at the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2).

43. The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Facility, excluding "part-time employees,"

as that term is defined by 29 U.S.C. § 2l01(a)(8).

44. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facility.

45. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

46. Defendants was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

47. Defendants failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

48. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

49. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

    A.    Certification of this action as a class action;

    B.    Designation of Plaintiffs as Class Representatives;

    C.    Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim and the remainder as a general unsecured claim.

E. An allowed administrative priority claim against Debtors under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: March 20, 2023

    Respectfully submitted,

By: /s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs and putative class*