**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAC Investment Holdings, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10316 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date: 4/26/2023 @ 9:30 a.m. (ET)**<br>**Objection Deadline: 4/14/2023 @ 4:00 p.m. (ET)** |

**FIRST OMNIBUS MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 365, AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007 AUTHORIZING (I) REJECTION OF CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES, EFFECTIVE AS OF THE PETITION DATE, AND (II) ABANDONMENT OF PERSONAL PROPERTY**

David W. Carickhoff, chapter 7 trustee ("Trustee") for the jointly administered estates of the above-captioned debtors (the "Debtors") hereby moves the Court (the "Motion"), pursuant to sections 105(a), 365(a), and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Trustee to (i) reject certain unexpired non-residential real estate leases (including any exhibits, schedules, modifications, amendments and/or addenda, the "Leases") between the Debtors and the lessors (the "Lessors") listed on **Exhibit 1** to the Proposed Order; and (ii) abandon certain personal property located on the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

226937814v3

premises subject to the Leases (the "Abandoned Property").[2]  In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.  Pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief sought herein are sections 105(a), 365(a) and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007.

## BACKGROUND

4. On March 14, 2023 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. David W. Carickhoff has been appointed trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a).  The section 341(a) meeting of creditors is scheduled for April 5, 2023.

6. Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors' vehicle dealership business under the name American Car Center (the "Dealership Business").

---

[2] The Abandoned Property includes any personal property at the premises subject to the Leases other than vehicles and personal property which (a) contains personally identifiable information of employees, customers or other natural persons or (b) which the Trustee determines, in his business judgment, may be necessary for the administration of these cases or may have sufficient value which would justify the removal thereof (collectively, the "Non-Abandoned Property").

2

At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States.  The Trustee understands that the Debtors reduced the number of active dealerships and were operating 45 dealerships immediately prior to ceasing business.  Each of the Debtors' dealership locations (the "Dealership Locations") were leased by Debtor RAC Dealership, LLC pursuant to the Leases.

7. Three weeks prior to the Petition Date, on or about February 24, 2023, the Debtors ceased operations and terminated all of their employees.  Thereafter, the Debtors, with the assistance of certain former employee independent contractors, performed certain transition and wind down tasks from the Debtors' headquarters.  However, the Dealership Business was never resumed and each of the Dealership Locations have been vacant since at least February 24, 2023 (in certain instances, the Debtors may have vacated Dealership Locations well in advance of February 24, 2023).  Despite this, monetary obligations may continue to accrue under the Leases.  Based on the foregoing, the Trustee has determined that the Leases provide no benefit to the Debtors' estates.

8. The Trustee understands that there is certain personal property remaining at the locations subject to the Leases, mainly consisting of office furniture and equipment and, potentially, certain records.  The Trustee believes that such personal property has de minimis value and the cost of removing and/or storing such personal property would outweigh the limited benefits associated with any attempted liquidation thereof.

## **RELIEF REQUESTED**

9. By this Motion, the Trustee respectfully requests the entry of an Order pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code authorizing (i) the rejection of the

226937814v3

Leases[3] effective as of the Petition Date[4] and (ii) abandonment of any Abandoned Property located at the premises subject to the Leases.

## BASIS FOR RELIEF REQUESTED

**A.    Rejection of Leases**

10.    Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).

11.    The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee.  *See*, *e.g.*, *National Labor Relations Board v. Bildisco (In re Bildisco)*, 6825 F.2d 72, 79 (3d Cir. 1982).  The rejection of an unexpired lease or executory contract is appropriate where rejection of the lease would benefit the estate.  *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also*, *In re Rickel Home Ctrs., Inc.*, 209 F.3d 291 (3rd Cir. 2000).

12.    The Trustee submits that there is sound business judgment for the rejection of the Leases.  The Leases hold no material economic value for the estates and are not necessary to administer these chapter 7 cases.

13.    In contrast, rejection of the Leases will eliminate the Trustee's obligation to perform thereunder pursuant to section 365(d)(3) of the Bankruptcy Code, and the accrual of any associated administrative expenses.

---

[3] The Leases to be rejected pursuant to the Motion include, *inter alia*, the Leases for the Dealership Locations and the Lease for the Debtors' headquarters in Memphis, Tennessee (the "Headquarters Lease").  The Trustee seeks to reject the Headquarters Lease effective as of March 31, 2023.  The Trustee understands that rent for the Headquarters Lease was paid through March.

[4] Notwithstanding the foregoing requested relief, the Trustee reserves the right to argue that the Leases have already expired or terminated, and to object to any rejection damages claims that may be filed.

226937814v3

14. Accordingly, the Trustee submits that the rejection of the Leases is within his sound business judgment and is in the best interest of the Debtors' estates, creditors, and other parties-in-interest.

## B. Effective Date of Rejection

15. Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leased under sections 105(a) and 365(a) of the Bankruptcy Code. *See, e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same). Moreover, "retroactive rejection of executory contracts and unexpired leases may be approved 'after balancing the equities' of a case and concluding that such equities weigh in favor of the debtor." *In re Extraction Oil & Gas*, 622 B.R. 608, 630 (Bankr. D. Del. 2020) (citing *In re Rupari Holding Corp.*, 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28, 2017)).

16. Here, the Trustee seeks rejection of the Leases (other than the Headquarters Lease) effective as of the Petition Date. A "balancing of the equities," weighs in favor of granting the Trustee the retroactive relief requested. Here, the Dealership Locations have been vacant since at least three weeks prior to the Petition Date and have not been accessed or used post-petition by the Trustee.[5] Moreover, since his appointment, the Trustee has been working with many of the Lessors to grant them access to the Dealership Locations. Absent the requested retroactive rejection, there exists the possibility of the estates incurring substantial unnecessary

---

[5] The Trustee does not have keys to the Dealership Locations.

5

226937814v3

(and unearned) post-petition financial obligations under the Leases. Such expenses will not provide any benefit to the estates and will be to the detriment of the Debtors' creditors.[6]

**C.      Abandonment of Personal Property**

17.     Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S. C. § 554. *See, In re Syntax-Brillian Corp.,* No. 08-11407 (KJC)*,* 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) (quoting *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003).

18.     Upon information and belief, the Abandoned Property has little or no value to the estates and the cost of removal would be unduly burdensome.

19.     Accordingly, the Trustee has determined that it would be more cost-effective to abandon the Abandoned Property. As a result, the decision to abandon the Abandoned Property is supported by the Trustee's sound business judgment and is in the best interest of the estates, creditors and other parties-in-interest.[7]

## NOTICE

20.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtors; (iii) the Lessors (or their counsel if known); and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

---

[6] To be clear, the Trustee reserves all rights and arguments should any of the Lessors assert any sort of request for payment of an administrative expense in these cases, as no such request would be warranted under the current facts and circumstances.

[7] The Trustee is attempting to work cooperatively with the Lessors to remove Non-Abandoned Property (if any) from the Dealership Locations.

226937814v3

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the rejection of the Leases as of the Petition Date, authorizing the abandonment of the Abandoned Property, and granting such other and further relief as is just and equitable.

Dated: March 31, 2023

*/s/ Alan M. Root*
Alan M. Root (No. 5427)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Fax: (302) 777-4352
E-mail: aroot@archerlaw.com

*Proposed Counsel for David W. Carickhoff, Chapter 7 Trustee*