## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| RAC Investment Holdings, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) |
| Debtors. | **Hearing Date: October 30, 2024, at 9:15 a.m. (Eastern Time)**<br>**Objection Deadline: October 8, 2024, at 4:00 p.m. (Eastern Time)** |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AGREEMENT WITH NEXTGEAR CAPITAL, INC.

David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates (the "**Estates**") of the above-captioned debtors (collectively, the "**Debtors**"), hereby moves the Court (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing and approving the *Settlement Agreement* attached as Exhibit 1 to the Proposed Order (the "**Settlement Agreement**") by and between the Trustee and NextGear Capital, Inc. ("**NextGear**"). In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to

---

[1]    The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2.      The predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## **BACKGROUND**

**A.      General Background**

3.      On March 14, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4.      David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' Estates.  The section 341 meeting of creditors was held and concluded.

5.      The Debtors bankruptcy cases are jointly administered for procedural purposes under *In re RAC Investment Holdings, LLC* (Case No. 23-10316) (BLS).

6.      Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors' vehicle dealership business under the name American Car Center (the "**Dealership Business**"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States.  The Debtors reduced the number of active dealerships and were operating 45 dealerships prior to ceasing business in February of 2023.    As part of its business, the Debtors also offered customers vehicle lease financing.  Historically, the vehicle leases were serviced by the Debtors.  However, post-petition, as approved by the Bankruptcy Court, servicing was transitioned to a third-party servicer, Westlake Portfolio Management, LLC ("**Westlake**").

**B.      NextGear and the Debtors**

7.      On or about November 14, 2017, Debtor RAC Dealership, LLC ("**RAC Dealership**") and NextGear entered into a certain Demand Promissory Note and Loan and Security Agreement (as amended, supplemented, or otherwise modified, the "**NextGear Note**") through which NextGear provided RAC Dealership with a floor plan line of credit in order to allow RAC Dealership to finance certain of its motor vehicle inventory.  NextGear asserts that the obligations under the NextGear Note are secured by a blanket lien on all of RAC Dealership's assets.  The NextGear Note was guaranteed, on an unsecured basis, by the other Debtors.

8.      NextGear has filed a secured proof of claim against RAC Dealership (claim no. 213, the "**RAC Dealership Claim**").   NextGear has also filed unsecured non-priority proofs of claim against the following Debtors' Estates (collectively with the RAC Dealership Claims, the "**NextGear Proofs of Claim**"): (i) RAC Investment Holdings (claim no. 63); (ii) RAC King, LLC (claim no. 43); (iii) RAC Intermediate Holdings, LLC (claim no. 25); (iv) RAC Servicer, LLC (claim no. 46) and (v) RAC Asset Holdings, LLC (claim no. 28).

9.      Prior to the Petition Date, NextGear, with the agreement of HWB and the consent of RAC Dealership, repossessed certain vehicles (the "**Repossessed Vehicles**").  The Repossessed Vehicles consist of (i) the Debtors' unsold/unleased vehicle inventory financed by NextGear and/or HWB (the "**Floor Plan Vehicles**") and (ii) vehicles owned by the Debtors and no longer financed by NextGear and/or HWB, but which NextGear and/or HWB may still assert is their collateral (the "**Off Floor Plan Vehicles**").

10.      On March 17, 2023, NextGear and Hancock Whitney Bank, in its capacity as administrative agent for certain lenders from time to time party to the HWB Credit Agreement ("**HWB**"), filed the *Joint Motion of NextGear Capital, Inc. and Hancock Whitney Bank, as*

*Administrative Agent Under the HWB Credit Agreement, for an Order Granting Relief From the Automatic Stay to Exercise State Law Remedies, Including But Not Limited to, Liquidating and Applying Proceeds of Repossessed Collateral and Remaining Collateral* [Dkt. No. 19; Case No. 23-10318] (the "**Stay Relief Motion**").[2] On April 10, 2023, the Court entered the *Agreed Order Granting Joint Motion for Relief from Stay* [Dkt. No. 69] (the "**Original Stay Relief Order**").  On August 14, 2023, the Court entered the *Second Agreed Order Granting Joint Motion for Relief from Stay* [Dkt. No. 251] (the "**Second Stay Relief Order**" and collectively with the Original Stay Relief Order, the "**Stay Relief Orders**").

11.     Since the Petition Date, as permitted under the Original Stay Relief Order, NextGear sold various Off Floor Plan Vehicles that were owned by RAC Dealership and in which NextGear asserts that it holds a first-priority security interest, resulting in sale proceeds of $747,618.30 (the "**Sale Proceeds**").

12.     In addition, since the Petition Date, the Trustee has collected approximately $217,000 (the "**Westlake Proceeds**") from Westlake, for amounts owing on 136 Floor Plan Vehicles financed by NextGear (the "**Westlake Vehicles**").[3]

## SETTLEMENT DETAILS

13.     The Trustee and NextGear have engaged in discussions in an effort to resolve the disposition of the remaining collateral (and proceeds thereof) of NextGear and have reached an agreement as set forth in the Settlement Agreement.

---

[2]     The Stay Relief Motion was filed on the docket for RAC Dealership (Case No. 23-10318).  Subsequent filings were filed in the jointly-administered main case.

[3]     The VINs for the Westlake Vehicles are attached to the Settlement Agreement as Exhibit A.

14.     Because the Settlement Agreement is attached to hereto as an exhibit to the

Proposed Order, the Trustee does not repeat every term of the Settlement Agreement in this

Motion.   However, key provisions of the Settlement Agreement include the following: [4]

    a.    <u>Approval By the Bankruptcy Court</u>. The Settlement Agreement is subject to entry of a final order by the Bankruptcy Court approving the Settlement Agreement.

    b.    <u>Division of Amounts Between NextGear and Trustee</u>.

    (i)     Upon approval of the Settlement Agreement, the Trustee shall turn over to NextGear all of the Westlake Proceeds associated with the Westlake Vehicles, currently estimated to be not less than $217,000.

    (ii)     The Trustee shall direct Westlake to pay NextGear all future proceeds collected on the Westlake Vehicles, the maximum amount of which is currently estimated at $546,753.31.  All future proceeds on the NextGear Vehicles shall be applied by NextGear to the NextGear Proofs of Claim.  NextGear shall be responsible for any costs of collection currently borne by the Trustee in connection with the collection of these future proceeds and will coordinate such future collections directly with Westlake without the necessity of the Trustee's intervention or approval.

    (iii)     Upon the approval of the Settlement Agreement, NextGear will pay the Sale Proceeds to the Trustee.  The Trustee agrees that the Sale Proceeds shall remain subject to the first priority liens of NextGear until such time as the Trustee turns over 80% of the Sale Proceeds to NextGear as set forth below.

    (iv)     Upon receipt of the Sale Proceeds, the Trustee shall within ten (10) business days return 80% of the Sale Proceeds, or $598,094.64, to NextGear for application to the NextGear Proofs of Claim.

    (v)     The Trustee shall be entitled to retain 20% of the sale proceeds, or $149,523.66, as a carve-out from NextGear's liens for the benefit of all creditors of the Debtors' Estates.

    c.    <u>Retention of NextGear's Claims Against Debtors</u>.  NextGear will retain the NextGear Proofs of Claim, but shall amend (i) each of the NextGear Proofs of Claim (including the RAC Dealership Claim) to reduce each NextGear Proof of Claim by the amounts received as a result of the Settlement

---

[4]    The summary set forth in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement.  In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

Agreement and any other amounts received by NextGear as a result of the Stay Relief Orders and (ii) the RAC Dealership Claim to reflect that the RAC Dealership Claim is a general unsecured non-priority deficiency claim (the "**Amended NextGear Claims**").

d.       <u>Releases by the Trustee/No Other Claims by NextGear Parties</u>.

(i)       Upon receipt of the Sale Proceeds, the Trustee, on behalf of the Debtors' estates, fully and finally releases, acquits, and forever discharges NextGear, its affiliates, subsidiaries, parents, officers, directors, employees, agents, and attorneys (collectively, the "**NextGear Parties**") from any and all claims and causes of action.

(ii)       Other than the Amended NextGear Claims, none of the NextGear Parties shall have or assert any other proofs of claims against the Debtors or their estates.   Except as otherwise provided for in the Settlement Agreement, all liens and security interests asserted by NextGear on or in any of the Debtors' assets or property of their estates shall be deemed released and NextGear shall not have any secured claims against any of the Debtors or their Estates.

## **RELIEF REQUESTED AND BASIS THEREFOR**

15.       By this Motion, the Trustee seeks approval of the Settlement Agreement as described herein.

16.       Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement.  Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

17.       In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393.  In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense,

4872-3526-2697, v. 1

inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

18.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness.  "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness."  *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement).  Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued.  Instead, the court should approve settlements that meet a minimal threshold of reasonableness.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

19.     A review of these four factors demonstrates that the Settlement Agreement should be approved.

20.     The Trustee entered into the Settlement Agreement after analyzing the NextGear Note, NextGear's asserted liens and the NextGear Proofs of Claim, and after engaging in extensive arms'-length negotiations with NextGear.    Moreover, the Settlement Agreement provides significant benefits to the Debtors' Estates and creditors without the need for costly, time-consuming, and uncertain litigation regarding the NextGear Proofs of Claim and/or the extent, validity or priority of NextGear's asserted liens.

21.     Importantly, the Settlement Agreement fully and finally resolves NextGear's asserted secured claims against RAC Dealership and releases any liens or security interests asserted by NextGear on or in any of the Debtors' assets or property of their Estates.  As a result of the Settlement Agreement, NextGear will only hold the Amended NextGear Claims, which, by virtue of the Settlement Agreement, are general unsecured non-priority deficiency claims.

22.     In addition, the Settlement Agreement provides the Debtors' Estates with unencumbered cash.  In particular, the Settlement Agreement provides that the Trustee is entitled to retain 20% of the Sale Proceeds (*i.e.* $149,523.66) as a carve-out from NextGear's liens for the benefit of all creditors of the Debtors' Estates.

23.     For the foregoing reasons, the Trustee respectfully submits that the Settlement Agreement is fair, reasonable, and in the best interest of the Debtors' Estates and creditors.  The Trustee likewise believes the Settlement Agreement is founded on the exercise of sound business judgment by the Trustee, falls well above "lowest point in the range of reasonableness" and should be approved.

## NOTICE

24.     Notice of this Motion has been provided to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to NextGear; (c) counsel for HWB; and (d) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, for the reasons stated herein, the Trustee respectfully requests that the Bankruptcy Court enter the Proposed Order granting the Motion, approving the Settlement Agreement, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: September 24, 2024           **CHIPMAN BROWN CICERO & COLE, LLP**
        Wilmington, Delaware

                                     */s/ Alan M. Root*

                                       Alan M. Root (No. 5427)
                                       Hercules Plaza
                                       1313 North Market Street, Suite 5400
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 295-0192
                                       Email:  root@chipmanbrown.com

                                       *Counsel for the Chapter 7 Trustee*

4872-3526-2697, v. 1