# **EXHIBIT 1**

**Settlement Agreement**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of this 16th day of September, 2024, by and between David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") for RAC Dealership, LLC, *et al*. (collectively, the "Debtors") and NextGear Capital, Inc. ("NextGear").

## RECITALS

A. On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware (the "Court") and the Trustee was appointed.

B. On March 17, 2023, NextGear and Hancock Whitney Bank, in its capacity as administrative agent for certain lenders from time to time party to the HWB Credit Agreement ("HWB"), filed the Joint Motion of NextGear Capital, Inc. and Hancock Whitney Bank, as Administrative Agent Under the HWB Credit Agreement, for an Order Granting Relief From the Automatic Stay to Exercise State Law Remedies, Including But Not Limited to, Liquidating and Applying Proceeds of Repossessed Collateral and Remaining Collateral (the "Stay Relief Motion").

C. On April 10, 2023, the Court entered the Agreed Order Granting Joint Motion for Relief from Stay (the "Original Stay Relief Order"). On August 14, 2023, the Court entered the Second Agreed Order Granting Joint Motion for Relief from Stay (the "Second Stay Relief Order" and collectively with the Original Stay Relief Order, the "Stay Relief Orders").

D. NextGear has filed a secured proof of claim against RAC Dealership, LLC (claim no. 213, the "RAC Dealership Claim"). NextGear has also filed unsecured non-priority proofs of claim against the following Debtors' estates (collectively with the RAC Dealership Claims, the "NextGear Proofs of Claim"): (i) RAC Investment Holdings (claim no. 63); (ii) RAC King, LLC (claim no. 43); (iii) RAC Intermediate Holdings, LLC (claim no. 25); (iv) RAC Servicer, LLC (claim no. 46) and (v) RAC Asset Holdings, LLC (claim no. 28).

E. Prior to the Petition Date, NextGear, with the agreement of HWB and the consent of Debtor RAC Dealership, LLC, repossessed certain vehicles (the "Repossessed Vehicles"). The Repossessed Vehicles consist of (i) the Debtors' unsold/unleased vehicle inventory financed by NextGear and/or HWB (the "Floor Plan Vehicles"); (ii) vehicles owned by the Debtors and no longer financed by NextGear and/or HWB, but which NextGear and/or HWB may still assert is their collateral (the "Off Floor Plan Vehicles"); and may also include (iii) vehicles leased or otherwise sold to customers that were in the possession of the Debtors (if any, the "Customer Vehicles").

F. Since the Petition Date, the Trustee has collected approximately $217,000 (the "Westlake Proceeds") from a third party loan servicer, Westlake Portfolio Management, LLC

("Westlake"), for amounts owing on 136 Floor Plan Vehicles financed by NextGear (the "Westlake Vehicles").[1]

G. Since the Petition Date, as permitted under the Original Stay Relief Order, NextGear sold various Off Floor Plan Vehicles that were owned by RAC Dealership, d/b/a DBA American Car Center and in which NextGear asserts that it holds a first-priority security interest, resulting in sale proceeds of $747,618.30 (the "Sale Proceeds").

H. The Trustee and NextGear have engaged in discussions in an effort to resolve the disposition of the remaining collateral (and proceeds thereof) of NextGear and have reached an agreement as set forth herein.

## AGREEMENT

**1. Recitals Incorporated**

a. The recitals and prefatory phrases and paragraphs set forth above are incorporated in full and made part of this Agreement.

**2. Division of Amounts Between NextGear and the Trustee**

a. Upon the approval of this Agreement, the Trustee shall turn over to NextGear all of the Westlake Proceeds associated with the Westlake Vehicles, currently estimated to be not less than $217,000. The Westlake Proceeds shall be applied by NextGear to the NextGear Proofs of Claim.

b. The Trustee shall direct Westlake to pay NextGear all future proceeds collected on the Westlake Vehicles, the maximum amount of which is currently estimated at $546,753.31. All future proceeds on the NextGear Vehicles shall be applied by NextGear to the NextGear Proofs of Claim. NextGear shall be responsible for any costs of collection currently borne by the Trustee in connection with the collection of these future proceeds and will coordinate such future collections directly with Westlake without the necessity of the Trustee's intervention or approval.

c. Upon the approval of this Agreement by the Court pursuant to Section 5(b) below, NextGear will pay the Sale Proceeds to the Trustee. The Trustee agrees that the Sale Proceeds shall remain subject to the first priority liens of NextGear until such time as the Trustee turns over 80% of the Sale Proceeds to NextGear in accordance with paragraph 2(d) hereof.

d. Upon receipt of the Sale Proceeds, the Trustee shall within ten (10) business days return 80% of the Sale Proceeds, or $598,094.64, to NextGear for application to the NextGear Proofs of Claim.

e. The Trustee shall be entitled to retain 20% of the Sale Proceeds, or $149,523.66, as a carve-out from NextGear's liens for the benefit of all creditors of the Debtors' estates.

---

[1] The VINs for the Westlake Vehicles are attached hereto as Exhibit A.

**3.     Retention of NextGear's Claims Against Debtors**

a.     NextGear will retain the NextGear Proofs of Claim, but shall amend (i) each of the NextGear Proofs of Claim (including the RAC Dealership Claim) to reduce each NextGear Proof of Claim by the amounts received as a result of this settlement and any other amounts received by NextGear as a result of the Stay Relief Orders and (ii) the RAC Dealership Claim to reflect that the RAC Dealership Claim is a general unsecured non-priority deficiency claim (the "<u>Amended NextGear Claims</u>").

**4.     Releases by the Trustee/No Other Claims by NextGear Parties**

a.     Upon receipt of the Sale Proceeds, the Trustee, on behalf of the Debtors' estates, hereby fully and finally releases, acquits, and forever discharges NextGear, its affiliates, subsidiaries, parents, officers, directors, employees, agents, and attorneys (collectively, the "<u>NextGear Parties</u>") from any and all claims and causes of action.

b.     Other than the Amended NextGear Claims, none of the NextGear Parties shall have or assert any other proofs of claims against the Debtors or their estates. Except as otherwise provided for herein, all liens and security interests asserted by NextGear on or in any of the Debtors' assets or property of their estates shall be deemed released and NextGear shall not have any secured claims against any of the Debtors or their Estates.

**5.     General**

a.     This Agreement shall be fully binding and enforceable as against the Trustee, the Debtors' estates, and NextGear, as well as their respective successors and assigns.

b.     This Agreement is subject to entry by the Court of a final order in the Debtors' Bankruptcy Case. In the event that the Court or any other court of competent jurisdiction declares this Agreement, or any material provision of this Agreement, invalid or unenforceable, all terms herein shall be null and void.

c.     Each party represents and warrants that they are the holders and owners of the claims and other matters subject to the respective releases set forth above, that such claims have not been encumbered, assigned or otherwise conveyed, in whole or in any part, to any other person or entity, and that they have the right to surrender, compromise, and settle the claims covered by the terms of this Agreement.

d.     Each party is duly authorized and empowered to execute this Agreement. This Agreement contains the entire agreement between the parties hereto and supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof. This Agreement may be signed in multiple counterparts, each of which shall be an original but all of which will constitute one and the same Agreement. Signatures to this Agreement sent by facsimile or email shall be deemed, for all purposes, to be the same as original signatures. This Agreement may only be modified or amended in writing, and any such modification must be signed by both parties hereto.

e. This Agreement is acknowledged to be a consensual resolution. Nothing contained herein shall be considered an admission of liability by any party.

f. The terms and provisions of this Agreement are separate and severable. If any of the terms or provisions is determined to be unenforceable, the remaining terms and provisions shall remain fully effective and enforceable.

g. Each party shall bear its own costs and expenses in connection with this matter, including attorney fees and legal expenses.

h. This Agreement shall be governed by and construed in accordance with federal bankruptcy law and the laws of the State of Delaware, without reference to principles of conflicts of law. The Court shall have jurisdiction with respect to any matters, claims, rights, or disputes arising from, or related to, this Agreement.

[*Remainder of Page Intentionally Left Blank*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first written above.

David W. Carickhoff, as chapter 7 trustee for RAC Dealership, LLC, et al.

By: _____

NextGear Capital, Inc.

By: _____
      Name:
      Title:

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the date first written above.

David W. Carickhoff, as chapter 7 trustee for RAC Dealership, LLC, et al.

By:_____
    Name:
    Title:

NextGear Capital, Inc.

By:_____
    Name: GARY M. HOKE
    Title: ASST. GENERAL COUNSEL

5

*ACTIVE 700652901v1*

# EXHIBIT A

## (VINs for Westlake Vehicles)

| VIN | |
|---|---|
| 5NPE34AF3FH104355 | JM1BM1K71F1245597 |
| JA4AD3A31KZ026487 | 1C3CCCAB2FN603957 |
| 3KPFK4A77HE061484 | 3C4PDCAB3JT446295 |
| JA4AP3AU3KU012233 | 3N1AB7AP9KY295307 |
| JA4AP3AU2KU016953 | 1FMCU9GX2GUC33160 |
| 2T1BURHE3KC225359 | 3C4PDCGG6JT469881 |
| JA4AD3A38KZ043108 | 5NPE24AF5KH785082 |
| 1G1ZE5ST9HF146394 | 5XXGM4A79FG483937 |
| JA4AP3AU4KU010815 | JA4AD3A38KZ027376 |
| JA4AP3AU4KU012290 | JA4AD3A36KZ043253 |
| 5XYZUDLB7EG175914 | 5XYKU4A76FG638899 |
| 3C4PDCAB9HT559730 | JA4AP3AU5KU016879 |
| KNMAT2MT4GP676478 | 5NPE34AF5GH430546 |
| 3VW2B7AJ7HM202391 | 3GNCJKSB2JL231708 |
| KL4CJBSB8EB562917 | 3N1CN7AP8HL846705 |
| JA4AD3A35KZ027190 | JA4AP3AU8KU016889 |
| 3C4PDCGG9JT475593 | 1VWAS7A30FC098936 |
| 5NPE24AF7KH784290 | 2GNALCEK6G6338387 |
| 1FMCU0GX8GUA65357 | 3FADP4BJ5HM130235 |
| 1N4AL3AP2HN312382 | KNDJN2A20G7266265 |
| 5NPE34AF2KH775008 | 1N4AL3AP4FC174370 |
| 3C4PDCGG1JT475863 | 3FA6P0HD0FR128220 |
| 5NPD84LF5LH576420 | 3C4PDCGG7HT684390 |
| ZACCJABT0GPE38934 | KL4CJBSB4HB014045 |
| KNDJN2A20F7809452 | 3C4PDCGB2GT215193 |
| JA4AP3AU7KU003017 | 1N4AL3AP3JC137139 |
| 1G1PE5SBXF7185713 | KNDJN2A24K7915798 |
| 3KPFL4A70JE284694 | WVGAV7AXXHK026286 |
| 5XXGN4A76FG511254 | 3FA6P0H75GR210603 |
| JA4AD3A37KZ043049 | KNDJN2A22G7838422 |
| 3FA6P0H76GR275282 | 1C3CCCBB4FN664032 |
| 2T1BURHE1GC499635 | KMHTC6AD2GU304194 |
| 1G1PG5SBXF7239490 | 1C3CDFFA3GD818401 |
| 5NPE34AF5FH123408 | KL7CJRSBXFB193622 |
| 5NPE24AF0GH295138 | 3FA6P0K99FR136000 |
| 3C4PDCABXGT245454 | WVGAV7AX4FW596869 |
| JA32U2FU5GU009863 | KL4CJCSB8FB131937 |
| 2GNALBEK0F6307077 | 3C4PDCABXKT857243 |

| | |
|---|---|
| JA4AD3A38KZ043030 | 5NPE24AF3HH553623 |
| 3C4PDCBB7GT233731 | 3KPFL4A74JE225213 |
| 3G1BE6SM3HS537715 | 3C4PDCGG3JT469904 |
| 3N1AB7AP6HY299291 | ZACCJABB3JPG97853 |
| 1G1ZE5ST0GF321615 | KNDJ23AU1L7019587 |
| 2GKALMEKXF6227889 | JM1GJ1U52F1220217 |
| 1C3CCCAB1GN115553 | WVGBV7AX7HK045950 |
| 1FMCU0G7XGUA26558 | 3FA6P0H77HR154665 |
| 1G4GB5G36FF238913 | 3FA6P0H79GR275602 |
| 5XYZT3LB7HG381056 | 5NPD84LF4KH471091 |
| JA4AD3A33KZ035529 | KL7CJLSB2GB565565 |
| JA4AS3AA5LZ022478 | 1GNALBEKXFZ143793 |
| 2GKALMEK1F6354952 | KL7CJLSBXHB084769 |
| 5XXGR4A65FG399140 | 3C4PDCAB7HT601439 |
| 1G11C5SA3GF139862 | 3KPC24A69LE113992 |
| 1FMCU0F78HUE21941 | 5NPE24AF9KH785344 |
| KNMAT2MT3GP622153 | 3N1AB7AP9GY210070 |
| 1G1PC5SH8G7217974 | 3KPFK4A77HE160175 |
| 3C4PDCGB8HT516598 | 3N1AB7AP3HY312367 |
| 5YFBURHE0KP939319 | 1N4AL3AP0HN313093 |
| 5NPD84LF0KH459231 | 5NPDH4AE1GH729505 |
| 5NPD74LF9KH471882 | 1C3CDFFA8GD818667 |
| 3GNCJKSB7JL259360 | 5NPE24AF3GH380636 |
| 5NPE24AF8HH525249 | 5NPD74LF1KH468636 |
| KNAGM4A76F5536658 | 5NPE24AF6GH292860 |
| 3FA6P0H76HR279267 | JA4AS3AA8LZ023592 |
| 2GNALBEK4E6255869 | KNMAT2MT4FP590828 |
| KNDPB3AC4F7753341 | 1G1JD5SH8J4115487 |
| 2GKALMEK2G6254442 | 3C4PDCBB2GT128207 |
| 5NPE24AF8GH324711 | KNDJN2A26F7768311 |