## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| RAC Investment Holdings, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: 12/11//24 @ 9:00 a.m. (ET)**<br>**Objection Deadline: 11/19/24 @ 4:00 p.m. (ET)** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER FURTHER EXTENDING THE DEADLINE TO ASSUME OR REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

David W. Carickhoff, chapter 7 trustee (the "**Trustee**") for the estates (the "**Estates**") of the above-captioned debtors (collectively, the "**Debtors**"), hereby moves the Court (this "**Motion**"), for entry of an order, substantially in the form submitted herewith, extending the deadline for the Trustee to assume or reject any contract, lease, sublease or other agreement that may be considered an executory contract or unexpired lease which may be subject to section 365(d)(1) of the Bankruptcy Code (collectively, the "**Extended Contracts and Leases**"),[2] other than certain excluded contracts or leases (the "**Excluded Contracts and Leases**"),[3] by

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

[2] Inclusion or omission of any executory contract or unexpired lease in or from this Motion does not constitute an admission or concession by the Trustee that such contract is or is not subject to section 365(d)(1) of the Bankruptcy Code. The Trustee reserves any and all rights, claims and defenses with respect to the characterization of any agreement under section 365 of the Bankruptcy Code or otherwise.

[3] The Excluded Contracts and Leases consist of the photocopier leases, office equipment leases, leases for other equipment used in the operation of the Debtors' businesses (all of which were previously rejected by operation of law), the Rejected Leases (as defined below), and any other contracts or leases that have either been rejected or that are subject to a pending motion to reject as of the date an Order on this Motion is entered.

approximately 180 days, through and including May 5, 2025. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Court may enter a final order consistent with Article III of the United States Constitution and, pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief sought herein are sections 105 and 365(d)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

3.      On March 14, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      David W. Carickhoff has been appointed as chapter 7 trustee for the Debtors' Estates. The Section 341 meeting of creditors was held on April 5, 2023, and concluded.

5.      Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors' vehicle dealership business under the name American Car Center (the "**Dealership Business**"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States. The Trustee understands that the Debtors reduced the number of active dealerships and were operating 45 dealerships immediately prior to ceasing business. Each of the

Debtors' dealership locations were leased as was the Debtors' headquarters in Memphis, Tennessee.

6.        On March 31, 2023, the Trustee filed a motion to reject the leases for each of the dealership locations as well as the lease for the Debtors' headquarters [Dkt. No. 43] (the "**Rejection Motion**").  On April 19, 2023, the Court entered an Order [Dkt. No. 95] granting the relief requested by the Rejection Motion, including, among other things, rejecting each of the leases listed on <u>Exhibit 1</u> to the rejection Order (collectively, the "**Rejected Leases**").

7.        As part of its business, the Debtors offered customers vehicle lease financing through Debtor RAC Asset Holdings, LLC (the "**Vehicle Leases**").  In addition, the Debtors offered customers lease buyout loans used to purchase vehicles at the end of a lease term (the "**Buyout Loans**").  Historically, the Vehicle Leases and associated rights were transferred to bankruptcy remote entities.  However, the Estates have rights (either current or contingent) in certain of the Vehicle Leases as well as the Buyout Loans.  Westlake Portfolio Management, LLC is servicing the Vehicle Leases and Buyout Loans, and the Estates have and will continue to receive payments on certain of the Vehicle Leases and Buyout Loans serviced by Westlake.

8.        On March 28, 2023, the Debtors each filed their schedules of assets and liabilities (the "**Schedules**"). According to the Schedules, the Debtors are parties to several hundred agreements that may be executory contracts or unexpired leases under applicable law (collectively the "**Scheduled Agreements**").[4]  It is possible that the Debtors are counterparties to additional agreements which may be executory contracts and/or unexpired leases under applicable law.

---

[4]    The Trustee does not concede that any of the Scheduled Agreements are executory contracts or unexpired leases subject to section 365 of the Bankruptcy Code in general or section 365(d)(1) in particular and the Trustee reserves all rights with respect to the Scheduled Agreements.

9.      On May 24, 2024, the Court entered an Order [Dkt. No. 291] extending the Trustee's deadline to assume or reject the Extended Contracts and Leases through and including November 5, 2024, subject to, and without prejudice to, the rights of the Trustee to seek a further extension of the deadline to assume or reject the Extended Contracts and Leases.

### **RELIEF REQUESTED AND BASIS THEREFOR**

10.      These are complicated chapter 7 cases, and the Debtors were parties to several hundred (or more) agreements.  The Trustee's initial evaluation of the Extended Contracts and Leases has led him to the conclusion that certain of the contracts and leases may have value to the Estates and the Trustee's ongoing efforts to maximize the value of the Vehicle Leases and Buyout Loans as well as the Debtors' other assets.   If the Trustee were forced to reject the Extended Contracts and Leases at this time it could negatively impact the Trustee's efforts to maximize value, including the ability to receive continuing revenue streams from the ongoing servicing of the Vehicle Leases and Buyout Loans.

11.      Accordingly, by this Motion, the Trustee seeks entry of an order extending the deadline by which the Trustee must assume or reject the Extended Contracts and Leases (other than the Excluded Contracts and Leases), through and including May 5, 2025.  Such an extension would be subject to and without prejudice to the Trustee's right to request a further extension of the applicable assumption/rejection period with respect to any or all of the Extended Contracts and Leases.  For the avoidance of doubt, the Trustee is not seeking to extend the deadline to assume or reject the Excluded Contracts and Leases (many of which have already been rejected).

12.      Section 365(d)(1) of the Bankruptcy Code provides that "[i]n a case under chapter 7 of this title, if the [T]rustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for

relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such contract or lease is deemed rejected." 11 U.S.C. § 365(d)(1).

13.     Section 365(d)(1) of the Bankruptcy Code along with Bankruptcy Rule 9006(b) permit the extension requested herein upon a showing of cause. [5] *See* 11 U.S.C. § 365(d)(1); Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period . . . the court *for cause shown* may at any time in its discretion . . . order the period enlarged. . . .") (emphasis added). Ultimately, the decision to grant an extension is left to the sound discretion of this Court. *See, e.g.*, *South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996).

14.     Here, cause exists to extend the deadline to assume or reject the Extended Contracts and Leases and the Court should exercise its discretion to grant the requested extension. As set forth above, certain of the contracts and leases may have value to the Estates and the Trustee's ongoing efforts to maximize the value of the Vehicle Leases and Buyout Loans as well as the Debtors' other assets. If the Trustee were forced to reject the Extended Contracts and Leases at this time it could negatively impact the Trustee's efforts to maximize value, including the ability to receive continuing revenue streams from the ongoing servicing of the Vehicle Leases and Buyout Loans. Accordingly, the deadline to assume or reject the Extended Contracts and Leases should be extended as requested herein.

15.     The Trustee intends for the extension requested herein to apply to each and every executory contract and unexpired lease to which the Debtors are a counterparty which may be subject to section 365(d)(1) of the Bankruptcy Code (other than the Excluded Contracts and

---

[5]     Because the Court has previously entered an Order extending the Trustee's deadline to assume or reject the Extended Contracts and Leases, Bankruptcy Rule 9006(b) applies to the Trustee's request to further extend the deadline. *See e.g. In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 1000 (9th Cir. 2020).

Leases), regardless of whether the counterparty to such contract or lease receives notice of this Motion. *See In re Am. Healthcare Mgmt., Inc.,* 900 F.2d 827, 832 (5th Cir. 1990) (holding that an order extending time for a debtor to assume or reject leases may be entered by the bankruptcy court without affording other parties notice and hearing); *Toledano v. Kittay* (*In re Toledano*), 299 B.R. 284, 298 (Bankr. S.D.N.Y. 2003) (citing *In re Am. Healthcare* for the proposition that "when a statute gives a court discretion to extend the time in which a party is required to act, the court has authority to grant such an extension without affording other parties notice and a hearing."); Fed. R. Bankr. P. 9006(b)(1) ("when an act is required or allowed to be done at or within a specified period . . . the court for cause shown may at any time in its discretion *with or without motion or notice* order the period enlarged if the request therefor is made before the expiration of the period originally prescribed.) (emphasis added); 3 Collier on Bankruptcy ¶ 365.05 (16th ed.) ("The request for an extension need not necessarily be on notice to the other party to the contract. Depending upon the circumstances, the request might be general or specific.").

## **BRIDGE ORDER**

16.     Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the assumption/rejection period is automatically extended until the Court acts on this Motion, without the need for the entry of a bridge order. *See* Del. Bankr. L.R. 9006-2.

## **NOTICE**

17.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee and (ii) all parties that have previously requested in these cases to receive notices pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

18.    No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

## **<u>CONCLUSION</u>**

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an order substantially in the form of the proposed order attached hereto, and grant the Trustee such other and further relief as the Court deems just and proper.


Dated:  November 5, 2024
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*|s| Alan M. Root*
Alan M. Root (No. 5427)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0192
Email:   root@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*