**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| RAC Investment Holdings, LLC, et al.,[1] | Case No. 23-10316 (BLS)<br>(Jointly Administered) |
| Debtors. | Obj. Deadline:  12/3/24 @ 4:00 p.m. (ET)<br>Hearing Time:  12/11/24 @ 9:00 a.m. (ET) |

**COVER SHEET FOR FIRST INTERIM APPLICATION OF AKERMAN LLP**
**FOR COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE**
**FOR THE PERIOD NOVEMBER 21, 2023 THROUGH OCTOBER 31, 2024**

| Name of Applicant: | Akerman LLP |
|---|---|
| Authorized to Provide Professional Services to: | David W. Carickhoff, the Chapter 7 trustee |
| Date of Retention | January 10, 2024 [Docket No. 276]<br>*Effective as of* November 21, 2023 |
| Period for which compensation and reimbursement is sought: | November 21, 2023 through and including October 31, 2024 (the "Compensation Period") |
| Amount of Compensation sought as actual, reasonable, and necessary: | $110,662.00 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $1,183.87 |

This is a(n): __ Monthly X Interim __ Final application

The total time expended for fee application preparation is approximately 1.5 hours and the corresponding compensation requested is approximately $736.50.

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

78804447;1

## Summary of Prior Interim Fee Applications

This is the first interim fee application for compensation and reimbursement of expenses.

## Summary of Compensation Sought by Akerman LLP

| Name of Professional | Position | Year of Admission | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Peter O. Larsen | Partner | 1990 | $850 | 34.70 | $29,495.00 |
| David E. Otero | Partner | 1987 | $850 | 2.30 | $1,955.00 |
| Jennifer Meehan | Paralegal | n/a | $330 | 2.90 | $957.00 |
| David J. Rosen | Partner | 2013 | $675 | 99.90 | $67,432.50 |
| Raye C. Elliott | Partner | 1994 | $675 | 7.30 | $4,927.50 |
| Cavell Anderson | Paralegal | n/a | $450 | 13.10 | $5,895.00 |

## Summary of Expenses for the Interim Period

| Expense Category | Total Expenses |
|---|---|
| Pacer Public Records System | $20.00 |
| Filing Fees | $796.30 |
| Miscellaneous Fees (annual reports and reinstatements) | $367.57 |
| **Total:** | **$1,183.87** |

78804447;1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| RAC Investment Holdings, LLC, et al., | Case No. 23-10316 (BLS) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline:  12/3/24 @ 4:00 p.m. (ET) |
| | Hearing Time:  12/11/24 @ 9:00 a.m. (ET) |

**FIRST INTERIM APPLICATION OF AKERMAN LLP
FOR COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE
FOR THE PERIOD FROM NOVEMBER 21, 2023 THROUGH OCTOBER 31, 2024**

Pursuant to 11 U.S.C. §§ 330 and 331, as well as Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Akerman LLP ("Akerman") hereby requests (the "Application") compensation for its fees and reimbursement for its expenses for professional legal services rendered as special counsel to David W. Carickhoff, Chapter 7 trustee (the "Trustee"), in the amount of $111,845.87 for the period beginning November 21, 2023 through and including October 31, 2024 (the "Interim Period"). More specifically, Akerman seeks approval on an interim basis for compensation in the amount of $110,662.00 for compensation for its fees together with reimbursement for actual and necessary expenses incurred as counsel to the Trustee in the amount of $1,183.87. In support of this Application, Akerman represents as follows.

78804447;1

## BACKGROUND

1. On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") thereby commencing the above-captioned bankruptcy cases.

2. David W. Carickhoff has been appointed as the trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a). The section 341(a) meeting of creditors was held on April 5, 2023, and concluded.

3. On January 10, 2024, the Court entered its *Order Authorizing Retention of Akerman LLP as Special Counsel to the Chapter 7 Trustee Effective as of November 21, 2023* [Docket No. 276], authorizing the employment of Akerman as special counsel to the Trustee in these jointly administered cases, effective as of November 21, 2023. Akerman has been retained by the Trustee as special counsel to, among other things, advise the Trustee in connection with issues related to sales, property and various other tax, licensing, regulatory and fee matters.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

## SUMMARY OF SERVICES

5. During the Interim Period, Akerman rendered legal services to the Trustee in connection with the chapter 7 cases and on behalf and in accordance with Akerman's professional responsibilities. The services performed were necessary to the administration of the chapter 7 cases and beneficial at the time they were rendered. Akerman performed all services for the Trustee in a

reasonable amount of time based on the nature and complexity of the issue or task. Given the nature and value of the services provided by Akerman to the Trustee as described herein, the interim amounts sought under this Application are fair and reasonable pursuant to section 330 of the Bankruptcy Code.

6.  Akerman has advised the Trustee regarding various state and local tax issues including property tax issues with local jurisdictions including local jurisdictions' refusal to register vehicles, sales taxes owed by the Debtor, proofs of claim filed by local tax jurisdictions, and the tax implications of assumption of vehicle leases. Akerman has corresponded with numerous local taxing jurisdictions on behalf of the Trustee regarding property tax issues, particularly local jurisdictions' refusal to register vehicles due to unpaid property taxes and payment of taxes owed by the Debtor.

7.  Detailed time entries describing the actual and necessary services provided and expenses incurred by Akerman during the Interim Period, which are attached hereto and incorporated herein as **Exhibit A**.

8.  Akerman has rendered professional services as counsel to the Trustee as requested and necessary and appropriate in furtherance of the chapter 7 cases.

9.  Akerman has incurred and paid its actual and necessary expenses.

10.  This Application is Akerman's first interim application. Akerman has and will continue to perform additional services, for which Akerman will file subsequent fee applications.

11.  Akerman received no payment and no promise for payment from any source for services rendered in connection with the Trustee other than in accordance with the Bankruptcy Code. There is no agreement or understanding between Akerman and any other person (other than

members of Akerman) for the sharing of compensation to be received for the services rendered in this case.

## **RELIEF REQUESTED**

12. For the First Interim Period, Akerman seeks compensation in the amount of $110,662.00. Akerman requests that the Court approve one hundred percent (100%) of the fees incurred by Akerman during the Interim Period based on the services performed for the Trustee.

13. Also, for the Interim Period, Akerman seeks reimbursement of $1,183.87 in actual and necessary expenses.

14. The professional services and related expenses for which Akerman requests approval were rendered and incurred in connection with the representation of the Trustee in these chapter 7 cases. Akerman's services have been necessary and beneficial to the Trustee and the Debtors' estates.

15. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services in non-bankruptcy cases.

16. Akerman has reviewed the requirements of Local Rule 2016-2, and this Application and the exhibits attached hereto comply with Local Rule 2016-2.

17. A copy of this Application has been sent to the Office of the United States Trustee. Additionally, notice of this Application has been sent to all parties requesting notice pursuant to Bankruptcy Rule 2002.

5

WHEREFORE, Akerman respectfully requests approval on a first interim basis of the sum of $111,845.87 for representation of the Trustee in the above-captioned Debtors' chapter 7 cases. Akerman's request includes the sum of $110,662.00 for compensation for professional services rendered, and $1,183.87 for reimbursement of actual and necessary costs and expenses incurred during this Interim Period; and granting Akerman such other and further relief as may be just and proper.

Dated: November 19, 2024             **AKERMAN LLP**

/s/ Peter O. Larsen
Peter O. Larsen
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Phone: (904) 798-3700
E-mail: peter.larsen@akerman.com

*Special Counsel to the Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| RAC Investment Holdings, LLC, et al.,[2] | Case No. 23-10316 (BLS) <br> (Jointly Administered) |
| Debtors. | |

## CERTIFICATION OF PETER O. LARSEN

I, Peter O. Larsen, hereby certify under the penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted to practice in Florida, the District of Columbia, and Kentucky.

2. I am a Partner with the law firm of Akerman LLP ("Akerman"), 50 North Laura Street, Suite 3100, Jacksonville, Florida 32202.

3. This certification is submitted in support of the First Interim Fee Application of Akerman LLP for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Chapter 7 Trustee, for the Period from November 21, 2023, through October 31, 2024 (the "Application"), and all capitalized terms not otherwise defined herein are defined in accordance with their usage in the Application.

4. I am familiar with the legal services rendered by Akerman as counsel for Chapter 7 Trustee David W. Carickhoff from November 21, 2023, through October 31, 2024. I am also familiar with the compensation and reimbursement sought by the Application.

---

[2] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

78804447;1

2

5. I have reviewed the Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I have also reviewed Local Rule 2016-2 and submit that the Application substantially complies with Local Rule 2016-2.

Dated: November 19, 2024         */s/ Peter O. Larsen*
                                 Peter O. Larsen

78804447;1