**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) <br> (Jointly Administered) |
| Debtors. | **Hearing Date: Mar. 12, 2025 at 9:30 a.m.** <br> **Objection Deadline: Mar. 5, 2025 at 4:00 p.m.** |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER EXPANDING THE SCOPE OF SERVICES OF ARCHER & GREINER, P.C. AS COUNSEL TO THE CHAPTER 7 TRUSTEE TO PURSUE THE DEBTORS' CHAPTER 5 CAUSES OF ACTION ON A CONTINGENCY FEE BASIS, EFFECTIVE AS OF JANUARY 10, 2025**

David W. Carickhoff, solely in his capacity as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the above-captioned debtors (collectively, the "**Debtors**"), hereby files this application (the "**Application**"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order expanding the scope of services of Archer & Greiner, P.C. ("**Archer**") as counsel to the Trustee to pursue the Debtors' chapter 5 causes of action on a contingency fee basis, effective as of January 10, 2025. In support hereof, the Trustee relies on the Declaration of Gerard DiConza in support of this Application (the "**DiConza Declaration**"), and respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

230027510 v1

...

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.[2]

2. The predicates for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

**BACKGROUND**

3. On March 14, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). David W. Carickhoff was thereafter appointed as chapter 7 trustee of the Debtors' estates and the section 341 meeting of creditors was held and concluded.

4. The Debtors' bankruptcy cases are jointly administered for procedural purposes only under *In re RAC Investment Holdings, LLC* (Case No. 23-10316) (BLS).

5. Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors' vehicle dealership business under the name "American Car Center" (the "**Dealership Business**"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States. The Debtors reduced the number of active dealerships and were operating 45 dealerships prior to ceasing business in February of 2023.

6. On April 12, 2023, the Trustee filed his *Application of the Chapter 7 Trustee for Order Authorizing Retention of Archer & Greiner, P.C. as General Bankruptcy Counsel to the*

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules, the Trustee consents to the entry of a final order by the Court in connection with this Supplemental Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

230027510 v1

*Chapter 7 Trustee, Effective as of March 14, 2023* [Dkt. No. 77] (the "**Original Archer Application**"). Through the Original Archer Application, the Trustee sought to retain Archer to provide general legal services (the "**General Bankruptcy Services**") at its normal and regular hourly rates. The Court entered an Order approving the Original Archer Application on May 1, 2023 [Dkt. No. 122] (the "**Original Archer Retention Order**").

7. On November 16, 2023, several of the Archer attorneys representing the Trustee joined Chipman Brown Cicero & Cole, LLP ("**CBCC**") and, on December 6, 2023, the Trustee filed his *Application of the Chapter 7 Trustee for Order Authorizing Retention of Chipman Brown Cicero & Cole, LLP as General Bankruptcy Counsel to the Chapter 7 Trustee, Effective as of November 16, 2023* [Dkt. No. 270] (the "**CBCC Application**"). The Court entered an Order approving the CBCC Application on December 28, 2023 [Dkt. No. 123] (the "**CBCC Retention Order**"). While the CBCC Application sought the approval of CBCC as general bankruptcy counsel to the Trustee, Archer's retention has not been terminated and Archer continues to represent the Trustee on a limited basis as general counsel.[3]

## RELIEF REQUESTED

8. By this Application, and pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order (the "**Contingency Retention Order**"), expanding the scope of services and approving the retention of Archer as counsel to represent the Trustee to investigate, prosecute and resolve the Debtors' chapter 5 causes of action on a contingency fee basis, effective as of **January 10, 2025** (the "**Avoidance Actions Services**"). Archer's Avoidance Action Services include, without limitation, all legal services that may be necessary

---

[3] Archer continues to advise and represent the Trustee on a limited basis as general counsel with respect to issues including the Debtors' securitization transactions.

3

230027510 v1

and proper to investigate, pursue, prosecute and resolve the Debtors' chapter 5 causes of action (the "**Avoidance Actions**").

18. The Contingency Retention Order shall govern the terms of Archer's retention solely for the Avoidance Action Services and the Original Archer Retention Order shall continue to govern the terms of Archer's services for the limited General Bankruptcy Services it continues to provide the Trustee.

## BASIS FOR RELIEF REQUESTED

19. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10. Pursuant to section 327(a) of the Bankruptcy Code, a chapter 7 trustee may employ an attorney to represent or assist the chapter 7 trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

11. The Trustee believes that Archer is well qualified to serve as counsel in connection with the Trustee's pursuit of the Avoidance Actions on a contingency fee basis. Archer's professionals have extensive experience and expertise in bankruptcy cases and have prosecuted and defended numerous causes of action for the avoidance and recovery of fraudulent transfer and preference claims in chapter 11 and chapter 7 cases.

12. The Court has already made a finding in connection with the Original Archer Retention Application that Archer is disinterested. In addition, as set forth in the DiConza Declaration, Archer has searched its computerized conflicts system and, based on its conflict

search, Archer does not represent any party against whom an Avoidance Action cause of action may be asserted, other than as disclosed in the DiConza Declaration.

## TERMS OF COMPENSATION

**A.    Contingency Fees**

13.    The Trustee has agreed to compensate Archer on a contingency fee basis for the Avoidance Action Services.[4]  Such a fee arrangement is permitted by section 328(a) of the Bankruptcy Code and, as set forth in the DiConza Declaration, Archer has agreed to the contingency fee proposed by the Trustee and as set forth in this Application.  Specifically, Archer shall be entitled to compensation in an amount equal to twenty-five percent (25%) of the gross recovery on any Avoidance Action cause of action actually recovered by the Debtors' estates through Archer's services, whether recovered prior to or after the commencement of litigation (the "**Contingency Fee**").  For purposes of the Contingency Fee, "gross recovery" means the fair value of all cash obtained by the Debtors' estates in connection with any settlement, judgment, award, or other recovery regarding the Avoidance Actions.

**B.    Expenses**

14.    Archer will be entitled to advancement or reimbursement of all reasonable out-of-pocket expenses incurred in connection with the Avoidance Action Services.  Such out-of-pocket expenses may include, but are not limited to, filing fees, expert witness fees and expenses, expenses related to electronically stored information, deposition costs, copying expenses, travel costs, delivery fees, and computerized research charges.  For the avoidance of doubt, Archer shall not be responsible for any expert witness fees and expenses.  Retained experts (if necessary) are to be paid for by the Debtors' estates, not Archer.

---

[4]    Archer will continue to be compensated on an hourly basis for any General Bankruptcy Services it may provide to the Trustee in accordance with and pursuant to the terms of the Original Archer Retention Order.

230027510 v1

## C.     Payment of Contingency Fees and Reimbursement of Expenses

15. In connection with the Avoidance Action Services, Archer will file interim and final fee applications identifying the amounts collected, its relevant Contingency Fee and detail of the expenses incurred for which reimbursement is sought. The interim and final fee applications for the Avoidance Action Services will contain a description of the services provided to the Trustee; provided, however, that such fee applications will not include detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Local Rule 2016-2(d). Archer will continue to file interim and final fee applications with detailed time records for its General Bankruptcy Services in accordance with the terms of the Original Archer Application and Original Archer Retention Order.

19. Litigation of the Avoidance Actions will be factually complex and detailed, time consuming and expensive, with an uncertain outcome. Employing Archer under the proposed compensation structure set forth herein will avoid the Debtors' estates bearing the risk of the fees to be incurred in pursuing the Avoidance Actions. Accordingly, the Trustee submits that the proposed compensation arrangement is fair and reasonable and should be approved.

230027510 v1

WHEREFORE, the Trustee requests entry of an order, substantially in the form attached hereto, expanding the scope of services and authorizing the retention of Archer as counsel to pursue the Avoidance Actions on a contingency fee basis, effective as of January 10, 2025, and granting such other and further relief as may be just and proper.

Dated: February 12, 2025

/s/ *David W. Carickhoff*
David W. Carickhoff
Chapter 7 Trustee

**ARCHER & GREINER, P.C.**

*/s/ Natasha M. Songonuga*
Natasha M. Songonuga (Bar No. 5391)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Email: nsongonuga@archerlaw.com

-and-

Gerard DiConza
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 682-4940
Email: gdiconza@archerlaw.com

*Attorneys for the Chapter 7 Trustee*

7

230027510 v1