**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10316 (BLS)<br>(Jointly Administered)<br><br>**Re: Dkt. No. ___** |

**ORDER, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE, EXPANDING THE SCOPE OF SERVICES OF
ARCHER & GREINER, P.C. AS COUNSEL TO THE CHAPTER 7 TRUSTEE
TO PURSUE THE DEBTORS' CHAPTER 5 CAUSES OF ACTION ON A
CONTINGENCY FEE BASIS, EFFECTIVE AS OF JANUARY 10, 2025**

Upon the Application of David W. Carickhoff, as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the above-captioned debtors (collectively, the "**Debtors**"), seeking an order expanding the scope of services provided by Archer & Greiner, P.C. ("**Archer**") as counsel to the Trustee to pursue the Debtors' chapter 5 causes of action, on a contingency fee basis, effective as of January 10, 2025 (the "**Application**");[2] and upon consideration of the Declaration of Gerard DiConza; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and this Court having found that venue of this case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient notice of the Application has been given under the particular circumstances and that no other or further notice of the Application need be given; and this Court

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

230027510 v1

having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the scope of the Trustee's retention of Archer as counsel is hereby expanded to include the Avoidance Action Services, effective as of January 10, 2025.

3. All of Archer's compensation for the Avoidance Action Services, as set forth in the Application, including without limitation, the Contingency Fee, is hereby approved pursuant to section 328(a) of the Bankruptcy Code.

4. In connection with the Avoidance Action Services, Archer shall file interim and final fee applications for compensation and reimbursement of costs and expenses, which shall be analyzed under section 328(a) of the Bankruptcy Code and the Trustee may pay such fees and expenses consistent with an order of this Court approving such applications. Such fee applications shall identify the amounts collected by the Debtors' estates from the Avoidance Actions, Archer's relevant Contingency Fee and detail of the expenses incurred for which reimbursement is sought. In the fee applications, Archer shall not be required to submit the type of detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).

5. Archer will continue to be compensated for any General Bankruptcy Services it may provide the Trustee on an hourly basis and solely in accordance with the terms of the

3

Original Archer Application and the Original Archer Retention Order. Archer will continue to file interim and final fee applications for its General Bankruptcy Services in accordance with the terms of the Original Archer Application and the Original Archer Retention Order.

6. The Trustee and Archer are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein.

7. In the event of an inconsistency between the Application and this Order, this Order shall govern.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the Application or the implementation of this Order.

230027510 v1