## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) (Jointly Administered) |
| Debtors. | **Hearing Date: April 30, 2025 at 9:00 a.m.** **Objection Deadline: April 4, 2025 at 4:00 p.m.** |
| DAVID W. CARICKHOFF, solely in his capacity as Chapter 7 Trustee for the above-captioned Chapter 7 Debtors, | |
| Plaintiff, | |
| v. | |
| Defendants Listed on Exhibit "A," | |
| Defendants. | |

### MOTION OF CHAPTER 7 TRUSTEE FOR ORDER ESTABLISHING PROCEDURES GOVERNING ASSOCIATED ADVERSARY PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 502, 547, 548 AND 550

David W. Carickhoff, chapter 7 trustee (the "Plaintiff" or "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves the Court, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), by and through his undersigned

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

attorneys, for an order establishing procedures governing all adversary proceedings brought, and

to be brought, by the Trustee seeking to avoid and recover preferential and/or fraudulent transfers

and disallow claims, pursuant to sections 502, 547, 548 and 550 of the Bankruptcy Code, including

the adversary proceedings identified on the schedule attached hereto as **Exhibit A** (the "Avoidance

Actions").[2]  In support of this motion (the "Procedures Motion"), Plaintiff respectfully represents

as follows:

### PRELIMINARY STATEMENT

1.      To efficiently administer and resolve the volume of Avoidance Actions, Plaintiff

proposes that certain procedures be implemented to (a) eliminate the requirement of a Bankruptcy

Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for

service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery

and depositions; (b) establish procedures and timetables requiring the Avoidance Actions be

referred to non-binding mediation; (c) establish omnibus hearings for the Avoidance Actions and

general agendas related to the same; and (d) establish certain streamlined procedures for the

settlement of Avoidance Actions (collectively, the "Proposed Procedures").

2.      Plaintiff believes that in setting forth structured procedures for the efficient

resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable

Bankruptcy Rules and the Local Rules.  Like the applicable Bankruptcy Rules and Local Rules,

the Proposed Procedures are designed to promote the cost-effective, timely resolution of the

Avoidance Actions and to further the goals of judicial economy and efficiency.

3.      Local Rule 7001-1(a) provides that any party seeking relief that deviates from the

---

[2]      Additional avoidance actions filed by the Plaintiff after entry of the Order approving this motion shall be subject to the same conditions stated herein.

230139479 v1

relief provided in the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), Bankruptcy Rules, District Court Rules, or Local Rules must identify with specificity each instance where the relief sought deviates from the rules and the good faith reason the movant seeks such deviation. The good faith reasons for any deviation are discussed herein.

4.        Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial date must demonstrate good cause. As a hearing on the Procedures Motion, if any, will occur on the same date as the scheduled pretrial hearing, rather than before the pretrial, a demonstration of good cause should not be necessary; however, to the extent good cause is required, ample good cause exists. This Procedures Motion seeks to give all Defendants (defined herein) in the Avoidance Actions an automatic, additional 60-day extension of time to file responses to their respective complaints. Holding the hearing on the Procedures Motion at the same time as the pretrial hearing will alleviate any uncertainty for Defendants as to the deadline to file a responsive pleading. Additionally, good cause exists to hear the Procedures Motion on the same date as the pretrial hearing, as this results in a single hearing date for any Defendants choosing to attend and participate in the hearing.

**<u>JURISDICTION AND BASIS FOR RELIEF</u>**

5.        This Court has jurisdiction to consider the Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.        The statutory and legal predicates for the relief sought herein are sections 105(a) and 105(d) of the Bankruptcy Code; Rules 7004, 7012, 7016, 7026, and 9006 of the Bankruptcy Rules; and Local Rules 7016-1, 7016-2, 9006-1, and 9019-5. The requested relief is also justified

3

under and consistent with the General Order Regarding Procedures in Adversary Proceedings dated April 7, 2004, as amended on April 11, 2005 (the "General Order").

## BACKGROUND

7.       On March 14, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Plaintiff was thereafter appointed as chapter 7 trustee of the Debtors' Estates and the section 341 meeting of creditors was held and concluded.

8.       The Debtors' bankruptcy cases are jointly administered for procedural purposes only under *In re RAC Investment Holdings, LLC* (Case No. 23-10316) (BLS).

9.       Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors' vehicle dealership business under the name "American Car Center" (the "Dealership Business"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States. The Debtors reduced the number of active dealerships and were operating 45 dealerships prior to ceasing business in February of 2023.

## RELIEF REQUESTED

10.     The Trustee has commenced approximately forty (40) Avoidance Actions, as more fully set forth on **Exhibit A** hereto, to recover avoidable transfers pursuant to sections 547, 548, and 550 of the Bankruptcy Code from the defendants in the Avoidance Actions (each, a "Defendant" and, collectively, the "Defendants"), and to disallow claims (if any) pursuant to section 502(d) of the Bankruptcy Code held by such Defendants.  The Trustee has also entered into tolling stipulations with several parties who may have received avoidable transfers from the Debtors (the "Tolled Parties").  If unable to resolve the claims subject to tolling stipulations, the Trustee may commence adversary proceedings against the Tolled Parties which proceedings will be subject to the Proposed Procedures.

11.     By this Procedures Motion, the Trustee seeks an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order") approving the Proposed Procedures in connection with the prosecution and settlement of the Avoidance Actions.  The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden.  The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## THE PROPOSED PROCEDURES

12.     The following is a summary of the Proposed Procedures.  The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures.  Interested

parties should refer to the Proposed Order attached hereto as **Exhibit B** for a complete understanding of the Proposed Procedures:[3]

### A.     Extension of Time to Respond to Complaints

13.     The Proposed Procedures extend a Defendant's time to respond to a complaint by up to sixty (60) calendar days after the Defendant's initial response time expires.  This extension will help to maximize the number of Avoidance Actions that the Trustee is able to settle expeditiously and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

14.     Without further order of the Court, the Trustee and any Defendant may stipulate to an additional sixty-day extension of time for the Defendant to respond to the complaint.  Any further extensions of time will require Court approval.

### B.     Waiver of Pretrial and Scheduling Conferences; Stay of Discovery Until Conclusion of the Mediation Process

15.     The Trustee also requests that the Court (a) waive the requirement of an initial pretrial conference pursuant to Rule 16 of the Federal Rules, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016; (b) except as otherwise provided below, waive the requirement of a scheduling conference pursuant to Fed. R. Civ. P. 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 and Section 2(a) of the General Order; and (c) stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below).  Waiving and/or staying these requirements will facilitate settlement, minimize costs and alleviate the Court's administrative burden with respect to the Avoidance Actions.

---

[3]     To the extent that there are any inconsistencies between the summary and description of the Proposed Procedures set forth in this Motion and the Proposed Order, the Proposed Order shall control.

230139479 v1

16.     Local Rule 7016-1 provides that the pretrial date scheduled in the summons shall be deemed the scheduling conference under Federal Rule 16(b), which, in turn, provides that a scheduling order may only be issued upon the Court receiving the parties' Federal Rule 26(f) report, or upon consulting with the parties at a scheduling conference.  However, good cause exists to waive both the scheduling conference and the pretrial conference in this instance.  Local Rule 7016-1(a) provides that the attorneys shall confer at least seven (7) days prior to the scheduling conference to address the types of issues addressed in the Procedures Motion, including modification of the time for mandatory disclosures.  Here, Plaintiff's counsel will serve this Procedures Motion with at least fourteen (14) days' notice for Defendants to object and several weeks prior to the scheduled initial pre-trial conference.  This timeline is more generous than the seven days required under the Local Rules, providing any Defendant with an opportunity to discuss particular issues with Plaintiff's counsel and work toward a mutually acceptable resolution prior to the deadline to formally object to the Procedures Motion.  Conversely, should a Defendant take no issue with the Proposed Procedures, the Defendant is spared the expense of attending a pretrial and motion hearing when it is in agreement with the Proposed Procedures.  Accordingly, good cause exists to dispense with both a pretrial and scheduling conference.

17.     The stay of discovery is consistent with the Local Rules, as amended and effective beginning February 1, 2025, which provides for upfront alternative mediation proceedings and stay of discovery schedules for avoidance actions upon election of one or more of the parties.  The Trustee proposes to apply these procedures to all Avoidance Actions regardless of size because referral to early mediation – with discovery to follow only if mediation is unsuccessful – benefits all parties by potentially obviating the need for incurring the burdens and costs associated with formal discovery and, thereafter, trial.  At the same time, the stay of discovery will not limit the

7

informal exchange of documents or information at any time during settlement discussions or in mediation in an attempt to resolve the Avoidance Action.

18.     Moreover, the proposed stay will not preclude either party from requesting pre-mediation formal discovery.  Should the non-requesting party consent to formal discovery in advance of mediation, the parties will conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact discovery before the Mediation Process.  The Proposed Procedures provide that, if the non-requesting party does not consent to pre-mediation formal discovery, the requesting party may request relief from the stay of discovery by filing a letter with the Court, with copy to Chambers, outlining the dispute.  Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with informal discovery and the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

### C.     **The Mediation Process**

19.     <u>Mandatory Mediation</u>.  The Proposed Procedures provide that any Avoidance Action that has not settled within sixty (60) days after an answer or other responsive pleading is filed will be referred to mediation (the "Mediation Process").  Except as set forth herein, the mediation shall be conducted in accordance with Local Rule 9019-5.  Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing or responsibility.

20.     <u>Mediators</u>.  Mediators will be chosen by the parties from the register of mediators found on the Court's website at www.deb.uscourts.gov/mediators-list (the "Mediators").  Unless

extended, the parties must select a mediator in writing within ninety (90) days after an answer or responsive pleading is filed.  If the parties are unable to agree on a Mediator, the parties will request the Court to assign a Mediator.

21.     Time/Place of Mediation.  With the Mediator's approval, the parties may consent and agree to mediation by video conference.  Mediation will be scheduled by the Mediators after consulting with the parties.

22.     Attendance at Mediation.  Consistent with the spirit of the Local Rules and the General Order, the Proposed Procedures anticipate that parties will participate in mediation in good faith with a view towards settling the Avoidance Actions.  Accordingly, at least one counsel for each party and a representative of each party with full settlement authority must attend the mediation in person, unless the Mediator authorizes any party to appear telephonically.

23.     Mediator's Report.  In accordance with the General Order, the Mediator will file a certification of completion (the "Mediator's Report") within fourteen (14) calendar days after the mediation concludes.

24.     Fees.  In accordance with the Local Rules, Mediator fees shall be borne by the Estates.

25.     Unresolved Avoidance Actions.  Following the conclusion of the Mediation Process, if mediation is unsuccessful, the Proposed Procedures provide that the parties to the remaining unsettled Avoidance Actions shall seek entry of a Scheduling Order and provide a timeline for the completion of fact and expert discovery.

D.     **Streamlined Settlement Procedures for Avoidance Actions**

26.     The Proposed Procedures provide that the Trustee may settle and compromise the claims asserted in an Avoidance Action (including avoidance claims that have not been

9

commenced by the filing of a complaint) in accordance with the following procedures:

- o **Transfer Amount Demanded is $75,000 or Less**. The Trustee shall be authorized to consummate such settlement without further Order of the Court and without giving notice to, or receiving consent from, any other party.

- o **Transfer Amount Demanded is Less than $250,000 But Greater Than $75,000**. The Trustee shall be authorized to consummate a proposed settlement without further Order of the Court and without giving notice to, or receiving consent from any other party, except that written notice of such settlement shall be provided by email to: (a) the United States Trustee, (b) any party asserting a secured claim against the Debtors, and (c) any party having filed a notice of appearance in the Debtors' chapter 7 cases, who shall have until ten (10) days after the receipt of the emailed notice to serve upon the Trustee a written objection to such settlement (a "Settlement Objection"). Absent a timely Settlement Objection, or in the event that a timely Settlement Objection is resolved or withdrawn, the Trustee shall be authorized to consummate the proposed settlement without any further notice or order of the Court. In the event a timely Settlement Objection is received and such Objection cannot be resolved within seven (7) days, or such longer period as the Trustees and the objecting party may agree in writing, then the Trustee will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

- o **Transfer Amount is $250,000 or Greater**. The Trustee shall be authorized to move by omnibus motion for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

- o **Resolution of Insider Claims**. Resolution of Avoidance Action claims against any insider shall be by motion for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

## **ARGUMENT**

27.     There is ample authority for the Court to approve the Proposed Procedures. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. *See, e.g.,* Fed. R. Bankr. P. 7016(b)(3)(B). Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to

implement the Proposed Procedures.  Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

28.    The Proposed Procedures are also consistent with the Local Rules and General Order and are similar to procedures adopted in other cases before this Court.  *See, e.g., In re Kranos Corp., et al.,* Case No. 20-13144 (BLS) (Bankr. D. Del. Feb. 6, 2023) (Dkt. No. 117); *In re Clio Holdings, et al.,* Case No. 20-10080 (BLS) (Bankr. D. Del. March 15, 2022) (Dkt. No. 319); *In re Achaogen, Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. May 21, 2021) (Dkt. No. 821); *In re Brookstone Holdings Corp., et al.,* Case No. 18-11780 (BLS) (Bankr. D. Del. Feb. 19, 2020) (Dkt. No. 1564); *In re SemCrude, L.P.*, Case No. 08-11525 (BLS) (Dkt. No. 8394); *In re WP Steel Venture LLC,* Case No. 12-11661 (KJC) (Dkt. No. 2820); *In re Exide Technologies*, Case No. 13-11482 (KJC) (Dkt. No. 4360).

29.    While Bankruptcy Rule 9019(a) generally requires approval of settlements upon a motion on twenty-one (21) days' notice, Bankruptcy Rule 9019(b) provides that those requirements are not always necessary: "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further notice."  Thus, Bankruptcy Rule 9019(b) provides a mechanism for streamlined settlement procedures proposed herein where, as here, there will be a multitude of Avoidance Actions.

30.    The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, furthering the goals of

judicial economy and the conservation of judicial resources, and (d) maximize the recovery of funds for the Estates' creditors. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, the Trustee submits that such variations are warranted in light of the number of Avoidance Actions associated with the Debtors' chapter 7 cases, absent which it will be more difficult for this Court to administer these matters.

31.     Accordingly, the Trustee believes that the Proposed Procedures are appropriate under the circumstances and in the best interest of the Debtors' creditors, as well as all other parties to the Avoidance Actions, and should be approved.

## **NOTICE**

32.     Notice of this Procedures Motion has been provided to: (i) the United States Trustee for the District of Delaware; (ii) all entities that are subject to an avoidance claim, including Defendants in the Avoidance Actions as of the date hereof identified on **Exhibit A** hereto, and Tolled Parties; and (iii) all parties having filed a notice of appearance in the Debtors' cases. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit B,** granting the Procedures Motion and granting such other relief as the Court deems just and equitable.

Dated: March 18, 2025
      Wilmington, Delaware      By:    */s/ Natasha M. Songonuga*
                                    Natasha M. Songonuga (Bar No. 5391)
                                    ARCHER & GREINER, P.C.
                                    300 Delaware Avenue, Suite 1100
                                    Wilmington, DE 19801
                                    Tel: (302) 777-4350
                                    Email: nsongonuga@archerlaw.com

                                    Gerard DiConza
                                    ARCHER & GREINER, P.C.
                                    1211 Avenue of the Americas
                                    New York, NY 10036
                                    Tel: (212) 682-4940
                                    Email: gdiconza@archerlaw.com

                                    Patrick A. Afriye
                                    Archer & Greiner P.C.
                                    1025 Laurel Oak Road
                                    Voorhees, NJ 08043
                                    Tel: (856) 673-7153
                                    Email:  pafriyie@archerlaw.com

                                    *Attorneys for David W. Carickhoff, solely in his capacity as the Chapter 7 Trustee and Plaintiff*

13

## EXHIBIT A

## AVOIDANCE ACTIONS

**EXHIBIT B**

**PROPOSED ORDER**