**<u>EXHIBIT B</u>**

**<u>PROPOSED ORDER</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1]<br><br><div align=center>Debtors.</div> | Chapter 7<br><br>Case No. 23-10316 (BLS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as Chapter 7 Trustee for the above-captioned Chapter 7 Debtors,<br><br><div align=center>Plaintiff,</div><br>v.<br><br>Defendants Listed on Exhibit "A,"<br><br><div align=center>Defendants.</div> | **Re: Dkt. No. ___** |

## ORDER REGARDING MOTION OF
## CHAPTER 7 TRUSTEE FOR ORDER ESTABLISHING
## PROCEDURES GOVERNING ASSOCIATED ADVERSARY
## PROCEEDINGS BROUGHT PURSUANT TO 11 U.S.C. §§ 502, 547, 548 AND 550

Upon the *Motion of Chapter 7 Trustee For Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant To 11 U.S.C. §§ 547, 548 And 550,* (the "Procedures Motion"),[2] filed by David W. Carickhoff, chapter 7 trustee (the "Plaintiff" or "Trustee") for the estates of the above-captioned debtors (the "Debtors") for entry of a procedures order (this "Procedures Order") pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy

---

[1]    The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are:  RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

[2]    Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"),

establishing streamlined procedures governing all adversary proceedings brought, and to be brought,

by Plaintiff under sections 502, 547, 548, and 550 of the Bankruptcy Code, including the adversary

proceedings identified on **<u>Exhibit 1</u>** attached hereto (each an "<u>Avoidance Action</u>," collectively,

the "<u>Avoidance Actions</u>"); and this Court having jurisdiction to consider and determine the

Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and

any objections raised and heard at a hearing at which all parties were permitted to present their

arguments and contentions; and it appearing that the relief requested by the Procedures Motion is

necessary and in the best interests of the parties; and due notice of the Procedures Motion having

been provided; and it appearing that no other or further notice of the Procedures Motion need be

provided; and sufficient cause appearing therefore, it is hereby:

   **ORDERED**, that the Procedures Motion be, and hereby is, granted as set forth herein; and it
is further

   **ORDERED**, the procedures governing all Parties to the Avoidance Actions are as follows:

## A. Effectiveness of the Procedures Order

1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions and additional avoidance actions commenced by Plaintiff after entry of this Order.

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

230139725 v1

**B. Extensions to Answer or File Other Responsive Pleading to the Complaint**

3.   The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons. An additional extension of time up to 60 days may be provided without further order of the Court. Further extensions of time to respond shall require Court approval.

**C. Waiver of Requirement to Conduct Pretrial Conference**

4.   Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at the initial pretrial conference or any subsequently scheduled pretrial conferences.

**D. Waiver of Requirement to Conduct Scheduling Conference**

5.   Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions except as otherwise set forth in Paragraph 6(i) and (ii) of this Order. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**E. Discovery and Mediation Schedule**

6.   The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; <u>provided that</u>, the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process; <u>provided further</u>, that the proposed stay also will not preclude either party from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

   i.    Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "<u>Scheduling Order</u>") that will provide for the completion of fact and/or expert discovery in advance of mediation; and

   ii.   If the non-requesting party does not consent to pre-mediation formal discovery:

      a.   The requesting party may request relief from the stay of discovery by filing with the Court (with copy to chambers and to the other party to the Avoidance Action) a letter outlining the dispute;

      b.   Any reply to such letter (if any) must be filed with the Court (with copy to chambers and to the other party to the Avoidance Action) within two business days after the filing of the letter set forth in Paragraph 6.ii.a. above;

    c. The Court will inform the parties if it will require a conference call or formal motion to resolve the dispute; and

    d. Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with informal discovery and the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

7. Unless otherwise agreed to by the parties and approved by the Court, any Avoidance Action that has not been resolved and/or settled within 60 days after an answer or other responsive pleading is filed, shall be referred to mandatory mediation (except with respect to any Avoidance Action as to which a Scheduling Order has been entered as provided in Paragraph 6 of this Order).

8. Within 90 days after an answer or responsive pleading is filed, the parties will choose a mediator from the register of mediators found on the Court's website at www.deb.uscourts.gov/mediators-list (each a "Mediator," collectively, the "Mediators"), unless otherwise extended. If the parties are unable to agree on a Mediator from the Mediator List, the parties shall submit a proposed order requesting the Court to appoint a Mediator.

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks and, in the event of a conflict, may abstain from acting in the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, the Plaintiff will file a notice of mediation indicating which mediator was selected.

10. Mediation will be scheduled by the Mediators after consulting the parties.

11. Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report"), which shall be limited to stating only whether the Avoidance Action settled or did not settle.

12. Following the completion of mediation, parties to any remaining and unsettled Avoidance Actions shall submit to the Court a proposed Scheduling Order that provides a timeline for the completion of fact and expert discovery.

## F. Mediation Procedures and Requirements

13. Because the Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation, except as otherwise agreed to by the parties. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

14. The parties in each Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. The parties may by consent and with the Mediator's approval agree to mediation by video conference.

15. The fees of the Mediator shall be paid by the Plaintiff on a per case basis. Unless otherwise agreed to by the parties and the Mediator, and approved by the Court, the Mediator's fees shall not exceed the following amounts:

4

a. $5,000 for cases with a claim amount (as reflected in the complaint) of less than $250,000;

b. $6,500 for cases with a claim amount (as reflected in the complaint) greater than $250,000 and less than $1,000,000; and

c. $7,500 for cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000.

16. In addition to the fixed fee, the Plaintiff shall pay the Mediator a $250.00 administrative fee upon acceptance of appointment.

17. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

## G. Streamlined Settlement Procedures for Avoidance Actions

18. The Plaintiff may settle and compromise the claims asserted in an Avoidance Action (including avoidance claims that have not been commenced by the filing of a complaint) in accordance with the following procedures, provided that, nothing herein shall authorize the release of any claim belonging to any entity that does not execute a settlement agreement:

a. Transfer Amount Demanded is $75,000 or Less. The Trustee shall be authorized to consummate such settlement without further Order of the Court and without giving notice to, or receiving consent from, any other party.

b. Transfer Amount Demanded is Less than $250,000 But Greater Than $75,000. The Trustee shall be authorized to consummate a proposed settlement without further Order of the Court and without giving notice to, or receiving consent from any other party, except that written notice of such proposed settlement shall be provided by email to: (i) the United States Trustee, (ii) any party asserting a secured claim against the Debtors, and (iii) any party having filed a notice of appearance in the Debtors' chapter 7 cases, who shall have until ten (10) days after the receipt of the emailed notice to serve upon the counsel to the Trustee a written objection to such settlement (a "Settlement Objection"). Absent a timely Settlement Objection, or in the event that a timely Settlement Objection is resolved or withdrawn, the Trustee shall be authorized to consummate the proposed settlement without any further notice or order of the Court. In the event a timely Settlement Objection is received and such Objection cannot be resolved within seven (7) days, or such longer period as the Trustees and the objecting party may agree in writing, then the Trustee will move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

c. Transfer Amount is $250,000 or Greater. The Trustee shall be authorized to move by omnibus motion for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

230139725 v1

    d.<u>Resolution of Insider Claims</u>.  Resolution of Avoidance Action claims against any insider shall be by motion for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019 on notice.

## H. Avoidance Actions Omnibus Hearings

19. Plaintiff and Defendants are not required to attend the initial pretrial conference, which shall be deemed held on May 21, 2025 at 9:00 a.m. (ET).  Thereafter, except as otherwise ordered by the Court, all matters concerning Avoidance Actions shall be heard at status conferences scheduled by the Court (collectively, the "<u>Avoidance Actions Omnibus Hearings</u>"), at which there may be status discussions, hearings on motions, if any, and scheduling of final pre-trial conferences.

20. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed such Defendant to appear. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, and it has not otherwise notified the Plaintiff through a notice of motion, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 10 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

21. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

22. Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.  Such reports shall include information on which Avoidance Actions have been settled, including amounts demanded and settlement amounts.

23. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, the parties to the applicable Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## I. Miscellaneous

24. The Local Rules shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

25. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

230139725 v1