# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| RAC Investment Holdings, LLC, *et al.* | Case No. 23-10316 (BLS) |
| Debtor(s). | (Jointly Administered) |
| | Re: D.I. 361 |

### AGREED ORDER MODIFYING AUTOMATIC STAY

> Deleted: AND PLAN INJUNCTION

Upon consideration of *Creditor's Motion for an Order Modifying Stay* (the "**Motion**") filed by Linette Marquez ("**Movant**") and the *Declaration in Support of Creditor's Motion for an Order Modifying Stay* (the "**Declaration**"), all briefings filed in connection therewith, and any responses thereto; and the Court having determined that it has subject matter jurisdiction to consider and determine the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and sufficient notice was given under the circumstances; and the Court having found and determined that the Motion, and legal and factual bases set forth in the Motion, establish just cause for the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein;

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay shall be modified for the sole purpose of: (a) permitting Movant to proceed with prosecution of the state

> Formatted: Font: 12 pt
> Formatted: Font: 12 pt, Not Bold
> Formatted: Font: 12 pt

court action in Duval County, Florida styled as *Linette Marquez, et al v. Amanda Ramos and RAC Dealership LLC,* Case No. 16-2024-CA-004152-AXXX-MA (the "**Civil Action**") to final judgment or resolution and (b) permitting Movant to recover and collect from any non-Debtor third parties or from the proceeds of any insurance policies; provided, however, that (i) no action may be taken by Movant to execute on, or otherwise attempt to collect, any judgment from assets of the Debtors or their estates except for proceeds of any available insurance policies and (ii) Movant hereby waives any claim for amounts over the coverage limits or caps of any of insurance policies and shall be barred from proceeding against the Debtors or their estates for any such amounts.

      3.     Except for the limited purpose set forth in the paragraph above, the automatic stay shall remain in effect for all purposes.

      4.     Movant shall not participate in a recovery from the assets of, or distributions from, the Debtors' estates, and to the extent that Movant establishes a claim against any of the Debtors in connection with the Civil Action, Movant's recovery shall be limited exclusively to that which may be had under any available insurance policies, up to any coverage caps or limitations and/or from any non-debtor third parties.

      5.     Except as otherwise expressly stated herein, nothing in this Order shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit, or expand: (i) the availability of insurance coverage with respect to the Civil Action; (ii) the terms and conditions of any insurance policies; or (iii) any rights, remedies, defenses to coverage, and other defenses of any insurance carrier under or for any insurance policies (including the right of any insurance carrier to disclaim coverage), nor otherwise alter any insurance carrier's existing indemnity payment obligations. Furthermore, nothing in this Order shall affect the existing obligations of any

insurance carrier to pay defense fees or expenses or the existing arrangements for the payment thereof.

6. Notwithstanding the foregoing, if any insurance policy requires the Debtors to pay a co-insurance, self-insured retention, or deductible: (a) Movant shall proceed only against the available insurance coverage under the policy; (b) the automatic stay shall not be modified with respect to any co-insurance, deductible or self-insured retention; and (c) in the event any deductible, co-insurance, or self-insured retention is not waived by the applicable insurance carrier, such deductible, co-insurance, or self-insured retention must be paid by Movant (or otherwise reduce Movant's claim recovery in an amount equal to the deductible, co-insurance, or self-insured retention). For the avoidance of doubt, the Trustee and the Debtors' estates shall not be liable for and are not undertaking any obligation to pay any self-insured retention, co-insurance or deductible in connection with any insurance policy pursuant to this Order or otherwise. Further, for the avoidance of doubt, nothing in this Order shall give rise to an administrative expense claim in the Debtors' chapter 7 cases.

7. The Trustee shall have no obligation to provide assistance or to cooperate with the Movant in any way in the Movant's efforts to prosecute the Civil Action, seek payment of claims in connection with the Civil Action, or to recover from available and collectable coverage under any insurance policy. Without limiting the generality of the foregoing, the Trustee shall have no obligations to respond to any discovery propounded in the Civile Action.

Nothing in this Stipulation shall be construed as an admission or acknowledgment of liability or wrongdoing on the Debtors' part.

8. The fourteen (14) day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

9. The Bankruptcy Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

> **Deleted:** <#>The automatic stay is modified to permit Creditor to proceed with the legal action against the Debtors, as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.¶
> The automatic stay remains in effect in all other respects.¶