## EXHIBIT B

## VERTEX SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of RAC Investment Holdings, LLC, *et al.* (collectively, the "Debtors") and Vertex Inc. ("Defendant"). The Trustee and Defendant are collectively referred to herein as the "Parties."

## RECITALS

A.       On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are being jointly administered under case number 23-10316 (BLS). On the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

B.       Within ninety (90) days prior to the Petition Date, the Debtors allegedly made certain payments and transfers to Defendant in the total amount of $423,291.59 (the "Transfers").

C.       On March 13, 2025, the Trustee commenced Adversary Proceeding No. 25-50434 (BLS) (the "Adversary Proceeding") against Defendant seeking to avoid and recover the Transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to section 502(d) of the Bankruptcy Code.

D.       After exchanging documents and information, the Parties entered into discussions about resolving the Trustee's claims to avoid and recover the Transfers. Defendant provided the Trustee with information in support of its defenses, including that (a) it provided sales and use tax preparation, filing and payment services to the Debtors, and that most of the Transfers were on account of tax payments due and payable by Debtors and made through Vertex and (b) the Transfers were made in the ordinary course of business. The Trustee analyzed and considered Defendant's defenses, and as a result of arms' length and good faith negotiations, the Parties reached a resolution, on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows:

## AGREEMENT

1.       Incorporation of Recitals. The foregoing recitals are incorporated herein by reference.

2.       Settlement Payment to the Trustee. In full and final satisfaction of any and all claims the Trustee may have against Defendant to avoid and recover the Transfers, Defendant agrees to pay to the Trustee, on behalf of the Debtors' bankruptcy estates, Three Thousand Five Hundred Dollars ($3,500.00) (the "Settlement Payment"). Defendant shall make the Settlement Payment by check made payable to "The Estate of RAC Dealership", or in accordance with wire instructions provided by the Trustee. The Settlement Payment shall be paid so that it is received

in good funds on or before the twentieth (20th) business day after full execution of this Settlement Agreement by the Parties.  If the Settlement Payment is made by wire, Defendant shall provide notice of the wire transfer on the date initiated to Gerard DiConza at gdiconza@archerlaw.com.

3.    Court Approval.   The Parties acknowledge and agree that this Settlement Agreement represents a compromise and settlement of avoidance claims of the Debtors' bankruptcy estates.  Approval of this Settlement Agreement shall be, and is, in accordance with the proposed *Order Regarding Motion of Chapter 7 Trustee for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* entered on April 9, 2025 (Case No. 23-10316 (BLS), Dkt. No. 360) (the "Settlement Procedures Order").  Upon the Trustee's receipt of the Settlement Payment in full, the Trustee, in accordance with the Settlement Procedures Order, shall file a motion with the Court seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019(a).  In the event that the Bankruptcy Court does not approve this Settlement Agreement, (a) the Settlement Agreement shall be null and void and of no force and effect, (b) the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed, and (c) the Trustee shall promptly return the Settlement Payment to the Defendant upon entry of the order denying approval of the Settlement Agreement.

4.    Settlement Effective Date.  This Settlement Agreement shall become effective on the date that the order approving this Settlement Agreement becomes final and no longer subject to appeal (the "Settlement Effective Date").

5.    Release by the Trustee on Behalf of the Debtors' Bankruptcy Estates.  Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their bankruptcy estates, and the Debtors, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Defendant, as well as its members, shareholders, partners, officers, directors, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators or successors or assigns, in each case solely in such capacities, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers, the Defenses and all claims asserted in the Adversary Proceeding; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6.    Release by Defendant.  Effective on the Settlement Effective Date, Defendant, for itself as well as its members, shareholders, partners, officers, directors, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators or successors or assigns, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and their estates, and their respective retained professionals, successors and assigns, in each case solely in such capacities, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises,

2

variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers, the Defenses and all claims asserted in the Adversary Proceeding; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Defendant to enforce this Settlement Agreement in accordance with its terms.

7.     Claim Waiver.  As of the Settlement Effective Date, Defendant waives and releases any and all claims it has or may have against the Debtors' estates, including all claims arising under section 502(h) of the Bankruptcy Code on account of the Settlement Payment.

8.     Dismissal of Adversary Proceeding.  Upon the Settlement Effective Date, the Trustee shall file a notice of dismissal, dismissing the Adversary Proceeding with prejudice.

9.     Entire Agreement. This Settlement Agreement constitutes the entire agreement between the Parties regarding the Transfers and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10.     Representations by the Parties. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11.     Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the agents, subsidiaries, employees, officers, directors, predecessors, successors, assigns, heirs, administrators, executors and legal representatives and estates of each Party.

12.     Authority of Signatories. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

13.     Governing Law. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

14.     Non-Reliance and Construction. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party.  The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

Docusign Envelope ID: 09B60D7E-09E8-4968-0C01-6508A1FF5

15.    <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement.  Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

16.    <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

ACCEPTED AND AGREED TO BY:

DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE

Dated: August 14, 2025

By: _____
    David W. Carickhoff, solely in his
    capacity as Chapter 7 Trustee of RAC
    Investment Holdings, LLC, *et al.*

VERTEX INC.

Dated: August 12, 2025

By: _____
    Name: Bryan Rowland
    Title:   General Counsel and Secretary