# EXHIBIT C

# RIGHT WAY AUTO TRANSPORT SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of RAC Investment Holdings, LLC, *et al.* (collectively, the "Debtors") and Right Way Auto Transport, Inc. ("Right Way"). The Trustee and Right Way are collectively referred to herein as the "Parties."

## RECITALS

A. On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are being jointly administered under case number 23-10316 (BLS). On the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

B. Within ninety (90) days prior to the Petition Date, the Debtors made certain payments and transfers to Right Way in the total amount of $709,673.60 for services or goods provided to the Debtors (the "Transfers").

C. The Trustee notified Right Way of his intent to seek to avoid and recover the Transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to section 502(d) of the Bankruptcy Code and the Parties entered into a tolling agreement dated as of March 10, 2025 agreeing to preserve the status quo and toll all applicable statutes of limitations or repose or other rule while they exchanged information and held discussions pertinent to the Transfers (the "Tolling Stipulation").

D. After exchanging documents and information, the Parties entered into discussions about resolving the Trustee's claims to avoid and recover the Transfers. Right Way asserts that the Transfers are not subject to avoidance and recovery on several grounds, including that the Transfers were made in the ordinary course of business and/or exempt from avoidance by the subsequent new value defense. The Trustee analyzed and considered Right Way's defenses, and as a result of arms' length and good faith negotiations, the Parties reached a resolution, on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## AGREEMENT

1. **Incorporation of Recitals.** The foregoing recitals are incorporated herein by reference.

2. **Settlement Payment to the Trustee.** In full and final satisfaction of all claims the Trustee may have to avoid and recover the Transfers, Right Way agrees to pay to the Trustee, on behalf of the Debtors' bankruptcy estates, Twenty-Five Thousand Dollars ($25,000.00) (the

"Settlement Payment"). Right Way shall make the Settlement Payment by check made payable to "The Estate of RAC Dealership", or in accordance with wire instructions provided by the Trustee. The Settlement Payment shall be paid so that it is received in good funds on or before fifteen (15) days after Court approval of this Agreement.

3. Court Approval. The Parties acknowledge and agree that this Settlement Agreement represents a compromise and settlement of avoidance claims of the Debtors' bankruptcy estates. Approval of this Settlement Agreement shall be, and is, in accordance with the proposed *Order Regarding Motion of Chapter 7 Trustee for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* entered on April 9, 2025 (Case No. 23-10316 (BLS), Dkt. No. 360) (the "Settlement Procedures Order"). Upon execution of this Agreement by the Parties, the Trustee, in accordance with the Settlement Procedures Order, shall file a motion with the Court seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019(a). In the event that the Bankruptcy Court does not approve this Settlement Agreement, (a) the Settlement Agreement shall be null and void and of no force and effect, and (b) the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed.

4. Settlement Effective Date. This Settlement Agreement shall become effective on the date that the Trustee receives the Settlement Payment in good and sufficient funds (the "Settlement Effective Date").

5. Release by the Trustee on Behalf of the Debtors' Bankruptcy Estates. Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their bankruptcy estates, and the Debtors, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Right Way from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6. Release by Right Way. Effective on the Settlement Effective Date, Right Way shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and their estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers; provided that the foregoing release shall not limit nor be deemed to limit the rights of Right Way to enforce this Settlement Agreement in accordance with its terms.

7. **Waiver of Claims Under Section 502(h) Claim.** As of the Settlement Effective Date, Right Way shall be deemed to have waived any and all claims against the Debtors' estates arising under section 502(h) of the Bankruptcy Code on account of the Settlement Payment.

8. **Extension of Tolling Date.** In the event this Settlement Agreement is not effective before the Tolling Date (as defined in the Tolling Stipulation), Right Way agrees that the Tolling Date shall be extended to such date that is 30 days after the later of (a) Settlement Effective Date or (b) the date the Court enters an order denying approval of this Settlement Agreement (the "Extended Tolling Date"). Right Way waives any statute of limitations, statutes of repose, or other defenses based on the timeliness of any claims and causes of action the Trustee may assert in connection with the Transfers, provided that such claims and causes of action are brought on or before the Extended Tolling Date and have not already expired, passed or accrued as of the date of execution of this Settlement Agreement. For the avoidance of doubt, this paragraph shall be effective upon full execution of this Settlement Agreement by the Parties.

9. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties regarding the Transfers and supersedes all prior and contemporaneous oral and written agreements and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10. **Representations by the Parties.** The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11. **Successors and Assigns.** All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estates of each Party.

12. **Authority of Signatories.** The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

13. **Governing Law.** This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

14. **Non-Reliance and Construction.** The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity

to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

15. Jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

16. Counterparts. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

ACCEPTED AND AGREED TO BY:

DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE

Dated: August 28, 2025

By: _____
David W. Carickhoff, solely in his capacity as Chapter 7 Trustee of RAC Investment Holdings, LLC, *et al.*

RIGHT WAY AUTO TRANSPORT, INC.

Dated: August 27, 2025

By: _____ V.P.
Name:
Title:

4