# EXHIBIT A

# AUTO ZONE SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of RAC Investment Holdings, LLC, *et al.* (collectively, the "Debtors") and Auto Zone Inc. ("Auto Zone"). The Trustee and Auto Zone are collectively referred to herein as the "Parties."

## RECITALS

A.  On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are being jointly administered under case number 23-10316 (BLS). On the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

B.  Within ninety (90) days prior to the Petition Date, the Debtors made certain payments and transfers to Auto Zone in the total amount of $1,582,073,75 for goods provided to the Debtors (the "Transfers").

C.  On March 13, 2025, the Trustee commenced Adversary Proceeding No. 25-50404 (BLS) (the "Adversary Proceeding") against Auto Zone seeking to avoid and recover the Transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to section 502(d) of the Bankruptcy Code.

D.  On April 9, 2025, the Court entered the *Order Regarding Motion of Chapter 7 Trustee for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* (Case No. 23-10316 (BLS), Dkt. No. 360) (the "Procedures Order").

E.  After filing the Complaint, the Parties entered into informal discussions and thereafter agreed to proceed with mediation.

F.  Pursuant to the Procedures Order and by agreement between the Parties, the Adversary Proceeding was assigned to mediation, and Raymond Lemisch was appointed mediator (the "Mediator").

G.  During mediation, Auto Zone asserted that the Transfers are not subject to avoidance and recovery based upon applicable defenses, including, that the Transfers were in the ordinary course of business and Defendant provided subsequent new value to the Debtors after the Transfers (collectively, the "Defenses").

H.  After a mediation session before the Mediator held on October 10, 2025, analysis of the Defenses asserted by Auto Zone, and arms' length and good faith negotiations, the Parties reached a resolution, on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

### AGREEMENT

1. <u>Incorporation of Recitals</u>. The foregoing recitals are incorporated herein by reference.

2. <u>Settlement Payment to the Trustee</u>. In full and final satisfaction of all claims the Trustee may have to avoid and recover the Transfers, Auto Zone agrees to pay to the Trustee, on behalf of the Debtors' bankruptcy estates, One Hundred Twenty Thousand Dollars ($120,000.00) (the "<u>Settlement Payment</u>"). Auto Zone shall make the Settlement Payment by check made payable to "The Estate of RAC Dealership", or in accordance with wire instructions provided by the Trustee. The Settlement Payment shall be paid so that it is received in good funds on or before fifteen (15) days after entry of the Court order approving the Settlement Agreement becomes final and non-appealable.

3. <u>Court Approval</u>. The Parties acknowledge and agree that this Settlement Agreement represents a compromise and settlement of avoidance claims of the Debtors' bankruptcy estates and approval of this Settlement Agreement shall be, and is, in accordance with the Procedures Order. Upon execution of this Agreement by the Parties, the Trustee, in accordance with the Procedures Order, shall file a motion with the Court seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019(a). In the event that the Bankruptcy Court does not approve this Settlement Agreement, (a) the Settlement Agreement shall be null and void and of no force and effect, and (b) the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed.

4. <u>Settlement Effective Date</u>. The releases provided in <u>paragraphs 5 and 6</u> below shall become effective on the date that the Trustee receives the Settlement Payment in good and sufficient funds (the "<u>Settlement Effective Date</u>").

5. <u>Release by the Trustee on Behalf of the Debtors' Bankruptcy Estates</u>. Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their bankruptcy estates, and the Debtors, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Auto Zone from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or related to the Transfers; <u>provided</u> that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6. <u>Release by Auto Zone</u>. Effective on the Settlement Effective Date, Auto Zone shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and their estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, under chapter 5 of the Bankruptcy Code that arise from or relate to the Transfers; <u>provided that</u> the foregoing release shall not limit nor be deemed to limit the rights of Auto Zone to enforce this Settlement Agreement in accordance with its terms.

7. <u>Waiver of Claims Under Section 502(h) Claim</u>. Effective on the Settlement Effective Date, Auto Zone shall be deemed to have waived any and all claims against the Debtors' estates arising under section 502(h) of the Bankruptcy Code on account of the Settlement Payment.

8. <u>Dismissal of Adversary Proceeding</u>. Upon the Settlement Effective Date and receipt of the Settlement Payment, the Trustee shall promptly file a stipulation dismissing the Adversary Proceeding with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as made applicable by Federal Rule of Bankruptcy Procedure 7041.

9. <u>Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement between the Parties regarding the Transfers and supersedes all prior and contemporaneous oral and written agreements and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10. <u>Representations by the Parties</u>. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11. <u>Successors and Assigns</u>. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estates of each Party.

12. <u>Authority of Signatories</u>. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

13. <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

3

14. **Non-Reliance and Construction.** The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

15. **Jurisdiction.** To the extent the Bankruptcy Court has and retains jurisdiction, (a) the Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement and (b) each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

16. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, and all of which together constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

ACCEPTED AND AGREED TO BY:

DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE

Dated: November 24, 2025

By: _____
David W. Carickhoff, solely in his capacity as Chapter 7 Trustee of RAC Investment Holdings, LLC, *et al.*

AUTO ZONE INC.

Dated: November 24, 2025

By: _____
Name: Brian Campbell
Title: VP, Treasurer

and

Dated: November 24, 2025

By: _____
Name: Russell Church
Title: N/A

231291555 v1

4