## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| RAC Investment Holdings, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 21, 2026 @ 9:30 a.m. (ET)**<br>**Objection Deadline: December 23, 2025 @ 4:00 p.m. (ET)** |

### CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL TO ABANDON AND/OR DESTROY CERTAIN RECORDS AND DOCUMENTS STORED AT IRON MOUNTAIN

David W. Carickhoff, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estates (the "**Estates**") of the above-captioned debtors (the "**Debtors**"), hereby moves this Court (the "**Motion**") for entry of an order, substantially in the form attached hereto, pursuant to sections 105 and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for approval to abandon and/or destroy certain records and documents being stored at and with Iron Mountain. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. The District of Delaware has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, which has been referred to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry by this Court of a final order

---

[1]    The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

in connection with this Motion.  The predicates for the relief requested in this Motion include

Bankruptcy Code sections 105(a) and 554 and Bankruptcy Rule 6007.

<u>**RELEVANT BACKGROUND**</u>

2.      On March 14, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court

for the District of Delaware (the "**Court**").

3.      David W. Carickhoff has been appointed as chapter 7 trustee for the Debtors'

Estates.  The Section 341 meeting of creditors was held and concluded.

4.      The Debtors bankruptcy cases are jointly administered for procedural purposes

under *In re RAC Investment Holdings, LLC* (Case No. 23-10316) (BLS).

5.      Prior to the Petition Date, Debtor RAC Dealership, LLC operated the Debtors'

vehicle dealership business under the name American Car Center (the "**Dealership Business**").

At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the

southeastern United States.  The Debtors reduced the number of active dealerships and were

operating 45 dealerships prior to ceasing business in February of 2023.

6.      As part of its business, the Debtors also offered customers vehicle lease financing.

Historically, the vehicle leases were serviced by the Debtors.  However, post-petition, as approved

by the Bankruptcy Court, servicing was transitioned to a third-party servicer, Westlake Portfolio

Management, LLC ("**Westlake**").

7.      In the ordinary course of their business, the Debtors stored various records and

documents with Iron Mountain (the "**Records**").  To the Trustee's knowledge, as of the Petition

Date, the Debtors maintained three different accounts with Iron Mountain for storage of the

Records.  The Records storage accounts at Iron Mountain are identified by the following account

4898-6419-0297, v. 3

numbers (i) MT178; (ii) 26BHW; and (iii) 23X3K.    Iron Mountain continues to charge monthly fees for storage of the Records.

8.      The Trustee, through his professionals has communicated with Westlake regarding the Records.  The Trustee understands that Westlake has confirmed that it does not believe that the Records are necessary for servicing purposes.   In addition, the Trustee, through his professionals, has reviewed inventory lists provided by Iron Mountain and does not believe that the Records are necessary for the administration of the Estates.  Moreover, the Records are all at least three years old and many of the Records are significantly older, dating back to 2018 or earlier.

## RELIEF REQUESTED AND BASIS THEREFOR

9.      To avoid the ongoing monthly expense associated with continued storage of old Records which do not appear to be necessary for Westlake's servicing or for the Trustee's administration of the Estates, the Trustee seeks authority to abandon and destroy the Records.

10.     Section 554(a) of the Bankruptcy Code permits the Trustee to abandon any property that is "burdensome to the estate," or that is "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  In addition, section 105(a) of the Bankruptcy Code provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

11.     The Trustee has determined, in his business judgment, that the Records serve no benefit and have no value to the administration of the Estates.  Moreover, the Trustee understands that Westlake does not require the Records to carry out its servicing obligations.  Accordingly, the Records are of inconsequential value and continue to generate costs with no corresponding benefit. An expeditious abandonment and/or destruction of the Records will relieve the Trustee of the administrative burden associated with the Records.

- 3 -

## NOTICE

12.     Notice of the Motion will be given to the following parties, or their counsel of record if known: (i) the Office of the United States Trustee; (ii) Westlake; (iii) Iron Mountain; and (iv) all parties who have requested notice in these cases.  The Trustee submits that no further notice is required.

13.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests entry of an order, in substantially the form attached hereto, granting the relief sought herein and such other relief as the Court deems just and appropriate under the circumstances.

Dated:  December 9, 2025
         Wilmington, Delaware

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Alan M. Root*

Alan M. Root (No. 5427)
Alison R. Maser (No. 7430)
Aaron J. Bach (No. 7364)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:   (302) 295-0191
Email:  root@chipmanbrown.com
      maser@chipmanbrown.com
      bach@chipmanbrown.com

*Counsel for the Chapter 7 Trustee*

4898-6419-0297, v. 3