**EXHIBIT 3**

**PRIMERITUS SETTLEMENT AGREEMENT**

Docusign Envelope ID: 07FEFB51-3FE9-4B0F-8C84-E9CDCB5CB193

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of RAC Investment Holdings, LLC, *et al.* (collectively, the "Debtors") and Primeritus Financial Services a/k/a Consolidated Asset Recovery Systems, Inc. ("Primeritus").  The Trustee and Primeritus are collectively referred to herein as the "Parties."

## RECITALS

A.      On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are being jointly administered under case number 23-10316 (BLS).  On the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

B.      Within ninety (90) days prior to the Petition Date, the Trustee asserts that the Debtors made certain payments and transfers to Primeritus in the total amount of $296,273.64 for services provided to the Debtors (the "Transfers").

C.      The Trustee notified Primeritus of his intent to seek to avoid and recover the Transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to section 502(d) of the Bankruptcy Code and the Parties entered into discussions about resolving the Trustee's claims and executed a tolling agreement agreeing to preserve the status quo and toll all applicable statutes of limitations or repose or other rules while they exchanged information and held discussions pertinent to the Transfers.

D.      Unable to resolve the Trustee's claims, on November 26, 2025, the Trustee commenced Adversary Proceeding No. 25-52436 (BLS) (the "Adversary Proceeding") against Primeritus seeking to avoid and recover the Transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code and to disallow claims pursuant to section 502(d) of the Bankruptcy Code.

E.      On April 9, 2025, the Court entered the *Order Regarding Motion of Chapter 7 Trustee for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* (Case No. 23-10316 (BLS), Dkt. No. 360) (the "Procedures Order").

F.      After filing the Complaint, the Parties continued their discussions and exchanged additional information on an informal basis about resolving the Adversary Proceeding.

G.      During their good faith and arm's length discussions, Primeritus asserted that the Transfers are not subject to avoidance and recovery based upon applicable defenses, including, but not limited to, that it provided subsequent new value after the Transfers (the "Defenses").

H.      After continued good faith discussions and the Trustee's review and analysis of the Defenses, the Parties reached a resolution, on the terms and conditions set forth below.

Docusign Envelope ID: 07FEFB51-3FE9-4B0F-8C84-E9CDCB5CB193

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

## AGREEMENT

1.      Incorporation of Recitals. The foregoing recitals are incorporated herein by reference.

2.      Settlement Payment to the Trustee. In full and final satisfaction of all claims the Trustee may have to avoid and recover the Transfers, including, without limitation, each of the claims asserted by the Trustee in the Adversary Proceeding, Primeritus agrees to pay to the Trustee, on behalf of the Debtors' bankruptcy estates, Forty Thousand Dollars ($40,000.00) (the "Settlement Payment"). Primeritus shall make the Settlement Payment by check made payable to "The Estate of RAC Dealership", or in accordance with wire instructions provided by the Trustee. The Settlement Payment shall be paid so that it is received in good funds on or before twenty (20) days after entry of the Court order approving the Settlement Agreement becomes final and non-appealable.

3.      Court Approval.   The Parties acknowledge and agree that this Settlement Agreement represents a compromise and settlement of avoidance claims of the Debtors' bankruptcy estates and approval of this Settlement Agreement shall be, and is, in accordance with the Procedures Order.  Upon full execution of this Agreement by the Parties, the Trustee, in accordance with the Procedures Order, shall file a motion with the Court seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019(a).  In the event that the Bankruptcy Court does not approve this Settlement Agreement, (a) the Settlement Agreement shall be null and void and of no force and effect, and (b) the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed.

4.      Settlement Effective Date. This Settlement Agreement shall become effective on the date that the Trustee receives the Settlement Payment in good and sufficient funds (the "Settlement Effective Date").

5.      Release by the Trustee on Behalf of the Debtors' Bankruptcy Estates. Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of himself as Trustee and the Debtors and their bankruptcy estates, and the Debtors, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Primeritus from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers, including, without limitation, each of the claims asserted by the Trustee in Adversary Proceeding; provided that the foregoing release shall not limit nor be

2

deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6.      Release by Primeritus.  Effective on the Settlement Effective Date, Primeritus shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Trustee, the Debtors and their estates from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers; provided that the foregoing release shall not limit nor be deemed to limit the rights of Primeritus to enforce this Settlement Agreement in accordance with its terms.

7.      Waiver of Claims Under Section 502(h) Claim.  As of the Settlement Effective Date, Primeritus shall be deemed to have waived and released any and all claims against the Debtors' estates arising under section 502(h) of the Bankruptcy Code on account of the Settlement Payment.

8.      Dismissal of Adversary Proceeding.  Upon the Settlement Effective Date and receipt of the Settlement Payment, the Trustee shall file a Notice of Dismissal dismissing the Adversary Proceeding with prejudice.

9.      Entire Agreement.  This Settlement Agreement constitutes the entire agreement between the Parties regarding the Transfers and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10.     Representations by the Parties.  The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement Agreement and all matters covered by or related to its subject matter.  The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11.     Successors and Assigns.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estates of each Party.

12.     Authority of Signatories.  The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

3

13.    <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

14.    <u>Non-Reliance and Construction</u>. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

15.    <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

16.    <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including DocuSign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

ACCEPTED AND AGREED TO BY:

DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE

Dated: ~~February~~ March 3 2026

By: _____
David W. Carickhoff, solely in his capacity as Chapter 7 Trustee of RAC Investment Holdings, LLC, *et al.*

PRIMERITUS FINANCIAL SERVICES

Dated: February __, 2026

By: _____
Signed by:
Wes Pollard
0A1AC4CECF984DC
Name: Wes Pollard
Title: Chief Financial Officer

4