**IN THE UNITED STATES BANKRUPTCY COURT
OF THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10316 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date:  May 14, 2026 @ 3:00 pm (ET)**<br>**Objection Deadline: May 4, 2026 @ 4:00 pm (ET)** |

**APPLICATION OF ARCHER & GREINER, P.C. FOR
APPROVAL OF CONTINGENCY FEES AND REIMBURSEMENT
OF EXPENSES IN CONNECTION WITH AVOIDANCE CLAIMS SERVICES**

| | |
|---|---|
| Name of Applicant: | Archer & Greiner, P.C. |
| Authorized to Provide Professional Services To: | Chapter 7 Trustee |
| Date of Retention for Contingent Fee Matters: | March 7, 2025, *nunc pro tunc* to January 10, 2025 |
| Period for which Compensation and Reimbursement is Sought: | January 10, 2025 to March 31, 2026 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $147,244.23 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,195.73 |

This is a(n):   ___ monthly   _X_ interim   ___ final application

---

1 The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are:  RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

2

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |

## CONTINGENCY FEE CALCULATION

| Cash Recoveries for Debtors' Estates | Contingency Fee Due |
|---|---|
| **$588,976.92** | **$147,244.23** |

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopies | In-house (@ $.10 pp) | $268.70 |
| Outside Vendor Services | Reliable (filing, service, postage and hand delivery) | $927.03 |
| **TOTAL EXPENSES:** | | **$1,195.73** |

2

232012269 v3

**IN THE UNITED STATES BANKRUPTCY COURT
OF THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1] | Case No. 23-10316 (BLS) (Jointly Administered) |
| Debtors. | **Hearing Date:  May 14, 2026 @ 3:00 pm (ET)** **Objection Deadline: May 4, 2026 @ 4:00 pm (ET)** |

**APPLICATION OF ARCHER & GREINER, P.C. FOR
APPROVAL OF CONTINGENCY FEES AND REIMBURSEMENT
OF EXPENSES IN CONNECTION WITH AVOIDANCE CLAIMS SERVICES**

Pursuant to sections 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Archer & Greiner, P.C. ("Archer"), counsel to the chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors"), hereby submits its Application for Approval of Contingency Fees and Reimbursement of Expenses in Connection with Avoidance Claims Services (the "Application").

By this Application, Archer seeks allowance of compensation in the amount of $147,244.23 and reimbursement of actual and necessary expenses in the amount of $1,195.73 for a total allowance and payment of $148,439.96.  In support of this Application, Archer respectfully represents as follows:

---

1 The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are:  RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

## BACKGROUND

1. On March 14, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with this Court under chapter 7 of the Bankruptcy Code, thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases").

2. On March 14, 2023, the Trustee was appointed as chapter 7 trustee of the Chapter 7 Cases pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded.

3. On March 17, 2023, the Court entered an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only, with Case No. 23-10316 (BLS) (RAC Investment Holdings, LLC, *et al.*) designated as the lead case [D.I. 13].

4. Prior to the Petition Date, the RAC Dealership, LLC ("RAC Dealership") operated the Debtors' vehicle dealership business under the name "American Car Center" (the "Dealership Business"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States. The Debtors reduced the number of active dealerships and were operating 45 dealerships prior to ceasing business in February of 2023.

5. On May 1, 2023, the Court entered an Order authorizing the Trustee to retain Archer as general bankruptcy counsel. By Application dated February 12, 2025 [D.I. 310] (the "Supplemental Retention Application"), the Trustee sought entry of an Order, pursuant to sections 327 and 328 of the Bankruptcy Code, expanding the scope of Archer's services to investigate, pursue and resolve, whether by settlement or judgment, the Debtors' claims and causes of action for avoidance and recovery of transfers under chapter 5 of the Bankruptcy Code (the "Avoidance Claims"). By Order dated March 7, 2025 [D.I. 314] (the "Supplemental Retention Order"), the Court approved the Supplemental Retention Application. Pursuant to the Supplemental Retention

2

232012269 v3

Order, Archer was engaged to provide services in connection with the Avoidance Claims on a contingency fee basis equal to 25% of the cash recoveries.

## SERVICES RENDERED BY ARCHER AND RECOVERIES

6.      Upon its engagement, Archer assisted the Trustee in reviewing and analyzing the Debtors' books and records to determine the extent and viability of the Avoidance Claims.  Archer then contacted recipients of the Avoidance Claims by letter and requested they provide information, defenses and supporting documents.

7.      Several parties responded and Archer professionals devoted significant time to review and analysis of the responses.  For certain parties with whom the Trustee was unable to reach resolution, Archer's professionals drafted tolling agreements, extending and tolling any applicable deadlines and time periods, statutes of limitations, and other time-related defenses to the Trustee's claims and causes of action for avoidance and recovery of the Avoidance Claims. For those parties with whom the Trustee was unable to enter into tolling agreements, Archer drafted and filed complaints, commencing forty-three adversary proceedings, pursuant to sections 547, 548, and 550 of the Bankruptcy Code.

8.      Archer also prepared and filed on March 18, 2025, the Trustee's *Motion For An Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant To 11 U.S.C. §§ 547, 548 And 550* (the "Procedures Motion").  The Procedures Motion was approved by Order of the Court dated April 9, 2025 (the "Procedures Order") [D.I. 360].  Through the Procedures Order, the Court approved streamlined discovery, mediation and settlement procedures for the pursuit of the Avoidance Claims.

9.      After commencing the adversary proceedings, Archer's professionals continued their review of documents and information provided by defendants and engaged in informal and

3

extensive discussions with their respective representatives.  As a result of Archer's efforts, the Trustee has resolved over thirty of the adversary proceedings, is seeking default judgments against six defendants, and continues discussions with five other defendants.

10.     Archer's professionals devoted significant time to negotiating and documenting settlement agreements with recipients of Avoidance Claims, as well as towards seeking approval of the settlements in accordance with the Procedures Order.  In addition to providing appropriate Notices of Settlement seeking the approval of settlement agreements under the Procedures Order, Archer filed three motions pursuant to Bankruptcy Rule 9019 seeking the approval of eight settlements [D.I. 380, 393 and 403] (the "9019 Motions").  The 9019 Motions were approved by Orders dated September 25, 2025 [D.I. 383], January 8, 2026 [D.I. 399], and March 27, 2026 [D.I. 405].

11.     By virtue of the settlements achieved in pursuit of the Avoidance Claims, the Debtors' estates have thus far recovered cash in the amount of $588,976.92 as summarized on **Exhibit 1** annexed hereto.[2]  Based on the recoveries, and pursuant to the Supplemental Retention Order, Archer is entitled to compensation in the amount of $147,244.23.

**ACTUAL AND NECESSARY EXPENSES**

12.     A summary of actual and necessary expenses incurred by Archer for the Interim Period in connection with the Avoidance Claims is attached hereto as **Exhibit 2**.  Archer customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  The reasonable value of the expenses related to the services provided by Archer for the Avoidance Claims is $1,195.73.

---

2       In addition to cash recoveries, approved settlements resulted in the waiver of claims against the Debtors' estates, including Bankruptcy Code section 502(h) claims.  Archer is not seeking any compensation for the waiver of claims.

**BASIS FOR COMPENSATION REQUESTED**

14.     Pursuant to section 328(a) of the Bankruptcy Code, a "trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. …" 11 U.S.C. § 328(a).  The only basis on which to deny the professional its bargained-for fee is if the court determines that the original arrangement was "improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a).

12.     Archer performed all necessary professional services pursuant to the terms of the Supplemental Retention Application and the Supplemental Retention Order.   Archer's professionals devoted significant time to the investigation and pursuit of the Avoidance Claims on behalf of the Trustee, which resulted in cash recoveries of $588,976.92 for the benefit of the Debtors' estates.  Based on the approved contingency fee percentage, the reasonable value of the services provided by Archer for the Avoidance Claims is $147,244.23.

15.     Moreover, in accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of compensation sought by Archer is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the cost of comparable services other than in in a case under the Bankruptcy Code.

16.     Archer has reviewed the requirements of Del. Bankr. Local Rule 2016-2 and certifies that this Application complies with such Rule, as modified by the Supplemental Retention Order.

5

232012269 v3

## COMPENSATION PAID AND ITS SOURCE

17.     All services for which Archer requests compensation were performed for or on behalf of the Trustee.

18.     Archer has received no payment and no promises for payment from any source other than the Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Archer and any other person other than the shareholders of Archer for the sharing of compensation to be received for services rendered in these cases.

WHEREFORE, Archer respectfully requests that the Court approve Archer's contingency fees for Avoidance Claims in the amount of $147,244.23 and actual and necessary expenses for such services in the amount of $1,195.73, for a total allowance of $148,439.96; that payment of such allowed amounts be authorized; and for such other and further relief as this Court may deem just and proper.

Dated: April 20, 2026                                         **ARCHER & GREINER, P.C.**

By:     */s/ Natasha M. Songonuga*
Natasha M. Songonuga (Bar No. 5391)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Email:  nsongonuga@archerlaw.com

*Attorneys for David W. Carickhoff, solely
in his capacity as Chapter 7 Trustee for
RAC Investment Holdings, LLC et al.*

6

232012269 v3