**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| RAC Investment Holdings, LLC, *et al.*[1], | Case No. 23-10316 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: August 26, 2026 at 4:00 p.m.**<br>**Hearing Date: September 2, 2026 at 9:30 a.m.** |

**MOTION OF LABRITTANY S. HAWKINS FOR**
**RELIEF FROM THE AUTOMATIC STAY**

LaBrittany S. Hawkins ("Movant"), by and through the undersigned counsel, seeks relief from the automatic stay ("Motion") pursuant to the provisions of section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule of Bankruptcy Procedure ("Local Rule") 4001-1, and respectfully moves the Court for relief from the automatic stay to allow Movant to:

(i) continue pursuing claims against Debtor RAC Dealership, LLC d/b/a American Car Center ("RAC Dealership") to settlement or judgment;

(ii) recover on the claims against Debtor from the proceeds of Debtor's insurance policies; and

(iii) continue pursuing claims against non-debtor affiliate AF Title Co., d/b/a American Financial ("AF Title Co.") and others to settlement or judgment.

In support of this Motion, Movant shows as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701)

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2.      Venue is proper pursuant to 28 U.S.C. § 1408 and 1409(a).

3.      The Movant confirms her consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The statutory bases for the relief requested in this Motion is 11 U.S.C. § 362(d), Bankruptcy Rule 4001 and Local Rule 4001-1.

**BACKGROUND**

5.      On March 14, 2023 (the "Petition Date"), Debtors RAC Investment Holdings, LLC *et al*. (collectively, the "Debtors") commenced the above-captioned jointly administered bankruptcy cases by filing voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

6.      Prior to the Petition Date, Movant asserts that she suffered damages as a result of actions taken by RAC Dealership, AF Title Co. and others through the sale of a vehicle.

7.      On November 6, 2020,  Movant filed suit against RAC Dealership, AF Title Co., and others in the Court of Common Pleas in and for Greenwood County South Carolina in case captioned *Hawkins v. Vines, et al*. Case No. 2020-CP-24-00989 (the "Litigation"). A copy of the Complaint filed in the Litigation is annexed hereto as Exhibit A.

2

8. On or about the Petition Date, David W. Carickhoff was appointed as the chapter 7 trustee for the Debtors' estates (the "Trustee").

9. After the Petition Date, the South Carolina Court of Common Pleas stayed the Litigation as to all Defendants.

10. Upon information and belief, RAC Dealership, AF Title and others are insured under one or more insurance policies which would provide coverage to Movant in connection with the Litigation (the "Insurance Policies").

**RELIEF REQUESTED**

11. Movant seeks relief from the automatic stay under 11 U.S.C. 362(d)(1) and (2) and Bankruptcy Rule 4001 and Local Rule 4001-1 to continue to prosecute the Litigation to settlement or judgment, and as to RAC Dealership, limit any recovery to the proceeds of Debtors' Insurance Policies.

**ARGUMENT**

12. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay: (i) For cause, including the lack of adequate protection of an interest in the property of such party in interest.

11 U.S.C. § 362(d)(1).

13. The term "cause" is not defined by the Bankruptcy Code. Consequently, a court must decide what constitutes "cause" to lift the automatic stay on a case-by-case basis. *In re: Rexene Products Company*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) citing H.R. Rep. No. 95-595, 95th Cong, 1st Sess., 343-44 (1977). As described in *Rexene*, the legislative history of § 362 acknowledges that "cause" may be established by a single factor such as "a desire to permit an

3

action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." *Rexene,* at 576.

14.    "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 BR 852, 856 (Bankr. D. Del. 2007).

15.    "Generally, in the determination of 'cause,' section 362(g) is interpreted as placing an initial burden on the moving party to establish its prima facie case, which must then be rebutted by the party opposing such relief." *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods.*, 141 BR 574, 577 (Bankr. D. Del. 1992); *See also In re Tribune Co.,* 418 BR 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d). If the creditor makes a prima facie case supporting "cause" to lift the stay, then the burden of going forward shifts, in this instance, to the Debtor according to Bankruptcy Code § 362(g).

16.    Courts in this District conduct a "fact-intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *SCO Group, Inc.*, 395 BR at 857-58. Three factors are balanced to evaluate the competing interests of Debtor and the Movant:

a.   Whether prejudice to either the bankruptcy estate or the Debtor will result if the stay was lifted and the civil suit was continued;

b.   Whether the hardship to the Movant by maintenance of the stay outweighs the Debtor's hardship; and

c.   The Movant's probability of success if the stay is lifted.

*Santa Fe Minerals v. BEPCO. LP (In re 15375 Memorial Corp.)*, 382 BR 652, 686 (Bankr. D. Del. 2008); *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009).

**A. No prejudice to the estate or the Debtor would result from granting relief from the stay.**

17.   As described above, it is believed that the Insurance Policies are a source of recovery for Movant's damages caused by the Debtor and AF Title.

18.   While the Debtors' liability insurance policies may be property of the estate within the meaning of § 541(a) of the Bankruptcy Code, generally, the proceeds of the Debtors' liability insurance policies are not. See 11 U.S.C. § 541(a); *In re Downey Fin. Corp.*, 428 B.R. 595, 603, 608 (Bankr. D. Del. 2010).

19.   To the extent that the Debtor's liability to Movant is covered by insurance policies, any recovery by Movant will not affect the Debtors' estates. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

**B. Continuation of the Automatic Stay Will Impose Hardship on Movant that Outweighs Any Hardship to the Debtors**

20.   These are Chapter 7 cases where the Debtors are liquidating.  Thus, this is not a reorganization case where Debtors could receive a discharge, and allowing Movant relief from stay would not cause any prejudice to the Debtors or their estates, since Movant will seek recovery from the proceeds of applicable insurance policies.

21.     Since Debtors are in the process of liquidating there would be great prejudice to Movant if she is not granted relief from the automatic stay to ascertain the availability of applicable insurance prior to the conclusion of Debtors' bankruptcy cases and continue the Litigation, which has already been stayed for over three years, before witnesses and documents disappear.

### C. Movant Has Probability of Prevailing on the Merits

22.     Movant need only show that her probability of success is "very slight." *In re Rexene Products*, 141 B.R. at 578, see also *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D.Del. 1993) ("Even a slight probability on the merits may be sufficient to support lifting an automatic stay in an appropriate case."). It "merely requires a showing that [the movant's] claims is not frivolous*." Levitz Furniture Inc v. T. Rowe Price Recovery Fund L.P. (In re Levitz*), 267 B.R. 516, 523 (Bankr. D. Del. 2000). Movant's probability of success on the merits is substantially greater than "very slight."

23.   As set forth in the Complaint, Movant can establish that triable issues of fact exist as to the liability of RAC Dealership and AF Title Co. and those allegations demonstrate a prima facie case against RAC Dealership and AF Title Co.

### NOTICE

24.     Subject to Del. Bankr. L.R. 5005-4(c) and 9036-1, the Movants will provide notice and copies of this Motion to (i) Office of the United States Trustee for the District of Delaware; (ii) counsel to the Trustee; and (iii) electronic notice to all other parties who have registered through the Court's electronic filing system pursuant to Local Bankruptcy Court Rule 9036-1.

## CONCLUSION

**WHEREFORE,** Movant LaBrittany S. Hawkins respectfully requests that the Court (i) enter an Order substantially in a form annexed hereto granting relief from the automatic stay of 11 U.S.C. § 362, (ii) allow Movant to proceed to liquidate her claims against Debtor RAC Dealership, LLC and non-Debtor AF Title Co. in the Litigation, (iii) pursue recovery against the Debtor from the proceeds of the Insurance Policy, and (iv) for such other and further relief as the Court shall determine.

Date:  August 6, 2026                LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

*Counsel for LaBrittany S. Hawkins*