# EXHIBIT A

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENWOOD | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| LaBrittany S. Hawkins, | ) | Case No. 2020-CP-24-_____ |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Alisa Sha Roper Vines; Darius Rice; RAC | ) | |
| Dealership, LLC, d/b/a American Car | ) | |
| Center; and AF Title Co., d/b/a American | ) | |
| Financial; Greenwood County, a political | ) | |
| of the State of South Carolina; and South | ) | |
| Carolina Department of Motor Vehicles, an | ) | |
| administrative agency of the State of | ) | |
| South Carolina. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    THE DEFENDANTS AND/OR THE DEFENDANTS' ATTORNEY:**

This **SUMMONS** requires you to answer the attached Complaint and to serve a copy of your Answer on the subscribers at their office, **109 Oak Avenue, Greenwood, S.C. 29646,** within **THIRTY (30) DAYS** after service thereof, exclusive of the day of such service, and if you fail to answer the said Complaint within that time, judgment by default will be rendered against you for the relief demanded in the Complaint.

> **THE GARRETT LAW FIRM, P.C.**
> Attorney for Plaintiff
>
> s/ Billy J. Garrett Jr.
> Billy J. Garrett, Jr.
> 109 Oak Avenue
> Greenwood, S.C. 29646
> Phone: (864) 229-8000
> Facsimile: (864) 229-8001
>
> **TINSLEY & TINSLEY, P.C.**
> Attorney for Plaintiff

s/R. Jamison Tinsley Jr.
R. Jamison Tinsley Jr.
109 Oak Ave.
Greenwood, SC 29646
(864) 223-0770
Fax: (864)377-8278
Tinslerj@gmail.com
S.C. Bar No. 79903

November 6, 2020

Greenwood, South Carolina

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENWOOD | ) | EIGHTH JUDICIAL CIRCUIT |
| | ) | |
| LaBrittany S. Hawkins, | ) | Case No. 2020-CP-24-_____ |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Alisa Sha Roper Vines; Darius Rice; RAC | ) | |
| Dealership, LLC, d/b/a American Car | ) | |
| Center; and AF Title Co., d/b/a American | ) | |
| Financial; Greenwood County, a political | ) | |
| of the State of South Carolina; and South | ) | |
| Carolina Department of Motor Vehicles, an | ) | |
| administrative agency of the State of | ) | |
| South Carolina. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff would respectfully allege and show unto the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff is a citizen and resident of Greenwood County, South Carolina.

2.    Defendant Alisa Sha Roper Vines is a citizen and resident of Greenwood County, South Carolina.

3.    Upon information and belief, Defendant Darius Rice is a citizen and resident of Greenwood County, South Carolina.

4.    Defendant RAC Dealership, LLC, d/b/a American Car Center ("American Car Center") is a company organized under the laws of Delaware that regularly transacts business in South Carolina.

5.      Defendant AF Title Co., d/b/a American Financial ("American Financial") is a corporation incorporated under the laws of Delaware that regularly transacts business in South Carolina.

6.      Defendant Greenwood County is a political subdivision of the State of South Carolina.

7.      Defendant South Carolina Department of Motor Vehicles is an administrative agency of the State of South Carolina created by statute that has control over issuing driver's licenses in South Carolina.

8.      The Court has jurisdiction over the parties and subject matter raised herein, and venue is proper in this Court.

## FACTUAL ALLEGATIONS

9.      Defendant Rice was an agent for American Car Center and American Financial at the time of all matters raised in this Complaint so he could and did bind them through the principles of Respondeat Superior and vicarious liability.

10.     Defendants American Car Center and American Financial are alter-egos of each other with common control so they are each liable for the other's actions.

11.     In December 2019, Defendant Vines stole Plaintiff's driver's license and took it to American Car Center.

12.     Defendant Vines presented Plaintiff's identification and forged Plaintiff's signature to secure a loan from American Financial to purchase a 2018 Nissan Sentra (VIN# 3N1AB7AP3JY271065) from American Car Center.

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

13. Defendant Vines took these actions at the behest of and with the assistance of Defendant Rice who was a salesman for American Car Center acting in the course and scope of his employment.

14. Defendants Vines and Rice purposely and falsely listed Plaintiff as Defendant Vines's spouse on Defendant Vines's loan application dated Dec. 7, 2019, with American Car Center for the 2018 Nissan when they individually and in combination knew that such information was not true and fraudulently recorded as true. (See Exhibit A.)

15. Defendant Vines also stole Plaintiff's paystub and 2017 income tax return, and she and Defendant Rice listed Plaintiff's financial information on the loan application with American Car Center for the Nissan.

16. Defendants Vines and Rice did not have Plaintiff's authorization to list her information on the loan application with American Car Center for the Nissan.

17. American Financial issued the loan for Defendant Vines to purchase the Nissan from American Car Center.

18. American Financial listed Plaintiff as a co-borrower who was responsible on the loan despite Plaintiff not authorizing her information to be used for the loan and never setting foot at the American Car Center lot.

19. American Car Center titled the Nissan in Plaintiff's name without her knowledge or authorization.

20. Defendant Vines immediately defaulted on payments to American Financial.

21. American Financial sent Plaintiff a series of right to cure letters in January and February for this loan that she had no knowledge of. (See Exhibit B.)

22.     American Financial repossessed the Nissan and made negative reports against Plaintiff's credit.

23.     Counsel for American Financial and American Car Center sent Plaintiff a Release and Settlement Agreement on Jan. 28, 2020, that would have released all of Plaintiff's claims against American Financial, American Car Center, and various other entities all known as the American Entities in exchange for American Financial and American Car Center terminating the lease and removing the negative tradeline from Plaintiff's credit report.  (See Exhibit C.)

24.     Plaintiff did not sign this release.

25.     On July 6, 2020, the S.C. Department of Motor Vehicles sent Plaintiff a letter notifying her that her driver's license would be suspended July 26, 2020, for failure to pay vehicle property taxes on the Nissan.  (See Exhibit D.)

26.     Plaintiff's driver's license has been suspended since July 26, 2020.

27.     Plaintiff contacted Greenwood County officials to notify them of the fraud that resulted in her name being on the car title without her knowledge or authorization and requested that Greenwood County contact the S.C. Department of Motor Vehicles to end the driver's license suspension.

28.     Greenwood County refused to release the driver's license suspension until she paid the $363.30 of property taxes.  Greenwood County attempted to make Plaintiff pay moneys under protest even though the County should have known that she did not have to pay nor was she responsible for the property taxes.

29.     Greenwood County acted with rigid impunity and did not care about this citizen losing her driver's license and potentially losing her employment as a direct result of the suspension.

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

30.     Greenwood County acted with careless indifference despite Plaintiff advising it of the fraud and potential loss of employment if she lost her driver's license.  Greenwood County sent the false information to the S.C. Department of Motor Vehicles that caused Plaintiff to suffer the damages of having her driver's license suspended and all collateral damages she has suffered as a direct result of Greenwood County perpetuating a known fraud against Plaintiff despite knowing the truth and purposely abusing its discretion to send in fraudulent property tax information to the S.C. Department of Motor Vehicles.

31.     Following American Financial falsely marking the Nissan loan and default against Plaintiff's credit report, she applied for multiple loans and was rejected.

32.     Plaintiff is now paying a financial company $80.00 to $90.00 per month to try to improve her credit report because of the improper negative marks imposed by American Financial.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS VINES, RICE, AMERICAN CAR CENTER, AND AMERICAN FINANCIAL
### (Fraud)

33.     Plaintiff hereby reiterates and realleges Paragraphs 1-32 as though set forth herein verbatim.

34.     Defendants Vines and Rice falsely represented that Plaintiff was applying as co-borrower of the Nissan on the loan application submitted by Defendant Vines.

35.     This false representation was material because without Plaintiff's stolen financial information, identification, and forged signature, Defendant Vines could not have obtained the loan from American Financial to purchase the Nissan from American Car Center.

36.     Defendants Vines and Rice knew the statements they were making on the credit application were false as Plaintiff was not present at the American Car Center lot and did not

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

participate in the loan application or purchase of the car.  Further, she had no contact, directly or indirectly, with American Financial.

37.    Defendants Vines and Rice made these false statements to obtain approval of the loan for Defendant Vines so they could complete the transaction through American Financial, which relied upon the false statements in approving the loan.

38.    As a result of Defendants' fraudulent statements and behavior, Plaintiff suffered injuries in the following particulars:

      a.   Damage to her credit;

      b.   Suspension of her driver's license;

      c.   Inability to obtain transportation;

      d.   Inability to receive other needed loans; and

      e.   Injury to her reputation.

**FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS AMERICAN CAR CENTER AND AMERICAN FINANCIAL**
**(Unfair Trade Practice)**

39.    Plaintiff hereby reiterates and realleges Paragraphs 1-36 as though set forth herein verbatim.

40.    The South Carolina Unfair Trade Practices Act is contained in S.C. Code Ann. §§ 39-5-10 through 39-5-560.

41.    Section 39-5-20(a) provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are … unlawful."

42.    Defendants American Car Center and American Financial willfully violated the Unfair Trade Practices Act by unfairly and deceptively forging Plaintiff's signature and providing

her personal information to obtain the loan for Defendant Vines to purchase the Nissan without Plaintiff's knowledge or permission.

43.     Defendants American Car Center's and American Financial's violation of the Unfair Trade Practices Act, directly and proximately caused Plaintiff to suffer damage by negatively impacting her credit so that she cannot obtain necessary loans, by disseminating her private personal information, and by causing her driver's license to be suspended.

44.     Defendant Ocwen's actions have an impact upon the public interest because they have the potential for repetition.

45.     Upon filing, Plaintiff provided an additional copy of the complaint to the Greenwood County Clerk of Court to mail to the Attorney General in compliance with S.C. Code Ann. §39-5-140(b).

**FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS VINES, RICE,
AMERICAN CAR CENTER, AND AMERICAN FINANCIAL**
**(Civil Conspiracy)**

46.     Plaintiff hereby reiterates and realleges Paragraphs 1-43 as though set forth herein verbatim.

47.     Defendants Vines, Rice, American Car Center, and American Financial combined together for the purpose of injuring Plaintiff.

48.     This combination caused Plaintiff special damage as it has prevented her from being able to maintain her driver's license and the specific loss of her ability to drive a motor vehicle lawfully.  Defendants' combined actions of stealing Plaintiff private personal information and placing her name on the title of the 2018 Nissan without her knowledge or authorization have prevented her from being able to borrow money to get her own automobile and have caused the suspension of Plaintiff's driver's license.

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

**FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AMERICAN CAR CENTER AND AMERICAN FINANCIAL**
**(Defamation)**

49.     Plaintiff hereby reiterates and realleges Paragraphs 1-46 as though set forth herein verbatim.

50.     Defendants American Car Center and American Financial have made false and defamatory statements concerning Plaintiff by stating that she had an ownership interest in the 2018 Nissan, that she owed money on the 2018 Nissan, and that she failed to pay money she owed on the 2018 Nissan, and by stating that Defendant Vines was Plaintiff's wife.

51.     Defendants American Car Center and American Financial purposely and maliciously published these false and defamatory statements to third parties, including but not limited to Greenwood County tax officials and major credit reporting agencies.

52.     Defendants American Car Center and American Financial were at fault in publishing these false and defamatory statements because they were negligent, grossly negligent, and reckless in publishing these statements.

53.     Defendants American Car Center and American Financial made these false and defamatory statements maliciously, and they caused Plaintiff special harm in following particulars:

   a.   Injury to her reputation;

   b.   Embarrassment;

   c.   Personal and public humiliation;

   d.   Mental anguish and suffering;

   e.   Wounded feelings caused by injury to reputation;

   f.   Damage to her ability to obtain necessary loans; and

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

g.    Imposition of improper property taxes by Greenwood County that led to the suspension of Plaintiff's driver's license.

**FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS GREENWOOD COUNTY AND S.C. DEPARTMENT OF MOTOR VEHICLES**
**(Injunctive Relief)**

54.    Plaintiff hereby reiterates and realleges Paragraphs 1-51 as though set forth herein verbatim.

55.    Plaintiff has suffered and continues to suffer the irreparable harm of a suspended driver's license because of Defendant Greenwood County improperly reporting to Defendant S.C. Department of Motor Vehicles that Plaintiff owes unpaid property taxes related to the 2018 Nissan.

56.    Plaintiff is likely to succeed on the merits because she does not have nor has she ever had any ownership interest in the 2018 Nissan so she cannot be charged property taxes on it.

57.    Plaintiff does not have an adequate remedy at law as the driver's license suspension is causing her severe hardship that will be hard to fully measure with money damages.

58.    A balance of the hardships favors enjoining Defendants from continuing to suspend Plaintiff's driver's license because she is being improperly denied of her privilege to drive while Defendant Greenwood County will not be harmed as it can still collect the property taxes from Defendant Vines.

59.    The public interest will be served by granting the injunction because Plaintiff does not owe property taxes on the 2018 Nissan because she does not have any interest in the car so Greenwood County should have to try to collect the property taxes from the proper source rather than damaging Plaintiff by suspending her driver's license.

60.    To the extent damages can be presumed against Defendant Greenwood County tax authorities when they knowingly caused Plaintiff to lose her driver's license after receiving notice of the fraud, Plaintiff seeks monetary damages against Greenwood County.

### PRAYER

**WHEREFORE**, Plaintiff prays for the following relief:

1. Actual, consequential, treble, special, and punitive damages from Defendants as determined by a jury at the trial of this case;

2. A preliminary and permanent injunction that enjoins Defendants Greenwood County and S.C. Department of Motor Vehicles from claiming Plaintiff owes property taxes related to the 2018 Nissan and from suspending her driver's license any longer;

3. Costs and attorney's fees; and

4. Such other relief as the Court deems just, proper, and equitable.

**THE GARRETT LAW FIRM, P.C.**
Attorney for Plaintiff

s/ Billy J. Garrett Jr.
Billy J. Garrett, Jr.
109 Oak Avenue
Greenwood, S.C. 29646
Phone: (864) 229-8000
Facsimile: (864) 229-8001

**TINSLEY & TINSLEY, P.C.**
Attorney for Plaintiff

s/R. Jamison Tinsley Jr.
R. Jamison Tinsley Jr.
109 Oak Ave.
Greenwood, SC 29646
(864) 223-0770
Fax: (864)377-8278
Tinslerj@gmail.com
S.C. Bar No. 79903

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989

November 6, 2020

Greenwood, South Carolina

ELECTRONICALLY FILED - 2020 Nov 06 9:47 AM - GREENWOOD - COMMON PLEAS - CASE#2020CP2400989