**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RAC Investment Holdings, LLC et al.[1], | ) | Case No. 23-10316 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Ref. D.I. _____ |

**ORDER GRANTING LaBRITTANY S. HAWKINS RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Upon consideration of the *Motion of LaBrittany S. Hawkins* ("Movant") *for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)* (the "Motion"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after considering objections to the Motion, if any; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is GRANTED, as set forth herein.

2.      The automatic stay imposed under 11 U.S.C. § 362 is hereby lifted for Movant solely to the extent necessary to prosecute the Litigation [2] to liquidate Movant's claim(s) against debtor RAC Dealership LLC and non-debtor AF Title Co., and others, and thereafter recover on account of any judgment obtained by Movant against Debtor RAC Dealership LLC from the proceeds of any applicable insurance policies.

---

[1]  The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701)

[2] Capitalized terms not otherwise described shall have the meaning given to them in the Motion.

3.      Movants waive any right to seek discovery from the Trustee or the Debtors' estates in connection with Movant's prosecution of the Litigation.

4.      Except as otherwise provided in this Order, the automatic stay remains in force and effect.

5.      This Order shall become effective immediately upon entry by this Court and is not subject to the fourteen (14)-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

6.      This Court shall retain jurisdiction over all matters relating to this Order.