# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RAC Investment Holdings, LLC et al.[1], | ) | Case No. 23-10316 (BLS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Ref. D.I. _____ |

**ORDER GRANTING LaBRITTANY S. HAWKINS RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Upon consideration of the *Motion of LaBrittany S. Hawkins* ("Movant") *for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)* (the "Motion"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b) and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after considering objections to the Motion, if any; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED, as set forth herein.

2. The automatic stay imposed under 11 U.S.C. § 362 is hereby lifted for Movant solely to the extent necessary to prosecute the Litigation [2] to liquidate Movant's claim(s) against debtor RAC Dealership LLC and non-debtor AF Title Co., and others, and thereafter recover on account of any judgment obtained by Movant against RAC Dealership LLC and/or AF Title Co. solely from the proceeds of any applicable insurance policies.

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701)

[2] Capitalized terms not otherwise described shall have the meaning given to them in the Motion.

3. Movant shall not participate in a recovery from the assets of, or distributions from, the Debtors' estates, and to the extent that Movant establishes a claim against RAC Dealership LLC or AF Title Co. in connection with the Litigation, Movant's recovery shall be limited exclusively to that which may be had under any available insurance policies, up to any coverage caps or limitations or from any non-debtor third parties, other than AF Title Co.

4. If any insurance policy requires the Debtors to pay a co-insurance, self-insured retention, or deductible: (a) Movant shall proceed only against the available insurance coverage under the policy; (b) the automatic stay shall not be modified with respect to any co-insurance, deductible or self-insured retention; and (c) in the event any deductible, co-insurance, or self-insured retention is not waived by the applicable insurance carrier, such deductible, co-insurance, or self-insured retention must be paid by Movant (or otherwise reduce Movant's claim recovery in an amount equal to the deductible, co-insurance, or self-insured retention). For the avoidance of doubt, the Trustee and the Debtors' estates shall not be liable for and are not undertaking any obligation to pay any self-insured retention, co-insurance, or deductible in connection with any insurance policy pursuant to this Order or otherwise. Further, for the avoidance of doubt, nothing in this Order shall give rise to an administrative expense claim in the Debtors' chapter 7 cases.

5. Movant waives any right to seek discovery from the Trustee or the Debtors' estates in connection with Movant's prosecution of the Litigation and the Trustee shall have no obligation to provide assistance or to cooperate with the Movant in any way in the Movant's efforts to prosecute the Litigation, seek payment of claims in connection with the Litigation, or to recover from available and collectable coverage under any insurance policy.

6. Except as otherwise provided in this Order, the automatic stay remains in force and effect.

7. This Order shall become effective immediately upon entry by this Court and is not subject to the fourteen (14)-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

8. This Court shall retain jurisdiction over all matters relating to this Order.