**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RAC INVESTMENT HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10316 (BLS)<br>(Jointly Administered)<br><br>**Hearing Date: December 3, 2026 at 9:30 am (ET)**<br>**Objection Deadline: October 22, 2026 at 4:00 pm (ET)** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENTS OF CHAPTER 5 CAUSES OF ACTION PURSUANT TO FED. R. BANKR. P. 9019**
**(*DocuSign, Inc. / United Recovery and Remarketing, LLC / United Nationwide Recovery LLC*)**

David W. Carickhoff, the Chapter 7 Trustee (the "Trustee") for the jointly administered bankruptcy estates of the above-captioned debtors (collectively, the "Debtors") hereby moves this Court for entry of an Order (this "Motion"), substantially in the form annexed hereto (the "Proposed Order"), approving the Trustee's settlement of Chapter 5 causes of action described below, pursuant to Fed. Rule of Bankr. P. 9019(a), and in support thereof, states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, where applicable are: RAC Investment Holdings, LLC (7349); RAC King, LLC (6605); RAC Dealership, LLC (3862); RAC Intermediate Holdings, LLC (4792); RAC Servicer, LLC (3735); and RAC Asset Holdings, LLC (8701).

3. The basis for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On March 14, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with this Court under chapter 7 of the Bankruptcy Code, thereby commencing these chapter 7 bankruptcy cases (the "Chapter 7 Cases").

5. On March 14, 2023, the Trustee was appointed as chapter 7 trustee of the Chapter 7 Cases pursuant to section 701(a) of the Bankruptcy Code. The section 341(a) meeting of creditors was held and concluded.

6. On March 17, 2023, the Court entered an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only, with Case No. 23-10316 (BLS) (RAC Investment Holdings, LLC, *et al.*) designated as the lead case [D.I. 13].

7. Prior to the Petition Date, the RAC Dealership, LLC ("RAC Dealership") operated the Debtors' vehicle dealership business under the name "American Car Center" (the "Dealership Business"). At its peak, the Dealership Business maintained 68 dealerships located in 10 states in the southeastern United States. The Debtors reduced the number of active dealerships and were operating 45 dealerships prior to ceasing business in February of 2023.

8. In accordance with his duties under the Bankruptcy Code, the Trustee and his professionals reviewed the Debtors' books and records and identified several entities who received potentially avoidable transfers during the ninety-day period prior to the Petition Date (the "Preference Period"). The Trustee, through his professionals, then contacted recipients of the potentially avoidable transfers and requested that they provide information, defenses and supporting documents regarding the transfers.

9. For those recipients of transfers with whom the Trustee was unable to reach resolution, the Trustee either entered into tolling stipulations agreeing to toll and extend the applicable time periods and statutes of limitations to commence an avoidance action or commenced adversary proceedings by filing complaints, pursuant to sections 502(d), 547, 548, and 550 of the Bankruptcy Code, seeking to avoid and recover the avoidable transfers and disallow claims of the recipients of those transfers.

10. On April 9, 2025, the Court entered the *Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* [D.I. 360] (the "Settlement Procedures Order"). Approval of the Trustee's avoidance action claims in these Chapter 7 Cases, including the settlement discussed below, are governed by the Settlement Procedures Order.

**THE SETTLEMENT AGREEMENTS**

11. The Trustee has recently reached a settlement in two (2) avoidance action adversary proceedings: (a) *Carickhoff v. United Recovery and Remarketing, LLC and United Nationwide Recovery LLC*, Adv. Pro. No. 26-50139-BLS ("United"), and (b) *Carickhoff v. DocuSign, Inc.*, Adv. Pro. No. 25-52213-BLS ("DocuSign"). Collectively, (i) United Recovery and Remarketing, LLC, (ii) United Nationwide Recovery LLC, and (iii) DocuSign, Inc. may be referred to as the "Settling Parties." Each settlement is in accordance with the terms described below and the settlement agreements attached as exhibits hereto.[2]

[2] The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the settling parties. In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

A. The United Settlement

12. After a review of the Debtors' books and records, the Trustee determined that RAC Dealership made transfers of $1,825,685.89 to United during the Preference Period (the "United Transfers").

13. The Trustee's counsel subsequently sent a letter to United requesting information on any potential defenses it may have to avoidance of the United Transfers, and on February 25, 2026, the Trustee commenced Adv. Pro. No. 26-50139-BLS (the "United Adversary Proceeding") seeking to avoid and recover the United Transfers. After commencing the United Adversary Proceeding, the parties entered into discussions and exchanged information regarding United's asserted defenses to avoidance and recovery of the United Transfers. Among other defenses, United asserted that all transfers were made in the ordinary course and that new value was provided after the subject transfers were made.

14. The Trustee and his advisors reviewed United's defenses and, after arm's-length and good faith negotiations, the parties agreed to settle the United Adversary Proceeding in exchange for United's payment of $215,000.00. The specific terms of the settlement are set forth in the settlement agreement attached hereto as **Exhibit 1** (the "United Settlement Agreement").

B. The DocuSign Settlement

15. After a review of the Debtors' books and records, the Trustee determined that the Debtors made approximately $283,000.00 in transfers to DocuSign that may be avoided and recovered by the Trustee on behalf of the Debtors' estates (the "DocuSign Transfers").

16. The Trustee's counsel subsequently sent a letter to DocuSign requesting information on any potential defenses it may have to avoidance of the DocuSign Transfers, and on August 29, 2025, the Trustee commenced Adv. Pro. No. 25-52213-BLS (the "DocuSign Adversary

Proceeding") seeking to avoid and recover the DocuSign Transfers. After commencing the DocuSign Adversary Proceeding, the parties entered into discussions and exchanged information regarding DocuSign's asserted defenses to avoidance and recovery of the DocuSign Transfers. Among other defenses, DocuSign asserted that all transfers were made in the ordinary course and that new value was provided after the subject transfers were made.

17. On August 12, 2025, the parties engaged in the mediation of the DocuSign Adversary Proceeding (the "DocuSign Mediation"), with the Hon. Judith K. Fitzgerald (Ret.) serving as mediator (the "DocuSign Mediator"). After arm's-length and good faith negotiations throughout the DocuSign Mediation, the parties both agreed to accept the Mediator's "mediator's proposal" in full settlement of the DocuSign Adversary Proceeding.[3]

18. Specifically, the parties agreed to resolve the DocuSign Adversary Proceeding in exchange for DocuSign's cash payment of [redacted] and its release and waiver of (i) claims arising under section 502(h) of the Bankruptcy Code as well as (ii) all other pre-petition and post-petition claims DocuSign has or may have against the Debtors' estates (including, without limitation, Proof of Claim No. 223-1). The terms of the DocuSign settlement are incorporated into a settlement agreement executed by the parties and attached hereto as **Exhibit 2** (the "DocuSign Settlement Agreement").[4]

## RELIEF REQUESTED

19. By this Motion, the Trustee seeks approval, pursuant to Bankruptcy Rule 9019, of each of the settlement agreements entered into with the Settling Parties, copies of which are annexed hereto (collectively, the "Settlement Agreements").

---

[3] On August 12, 2026, the Mediator filed the *Mediator's Certificate of Completion* [D.I. 8].

[4] The DocuSign Settlement Agreement contains certain confidentiality provisions requiring, among other things, the Trustee using his best efforts to keep amount of the cash settlement payment redacted from the public record. Simultaneously with the filing of this Motion, the Trustee is providing an unredacted copy of this Motion (together with unredacted copy of the DocuSign Settlement Agreement) to (i) the Bankruptcy Court; (ii) the Office of the United States Trustee; and (iii) any other party as may be ordered by the Bankruptcy Court.

20. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

21. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider the following four factors: "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. *See also In Key3Media Grp., Inc*., 336 B.R. 87, 93 (Bankr. D. Del. 2005) (explaining that, in determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value of the estate of the acceptance of the compromise proposal").

22. It is well-established that a settlement proponent need not convince the court that the settlement is the best possible compromise, but only that the settlement falls "within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp*., 398 B.R. 816, 833 (Bankr. D. Del. 2008); *see also In re W.R. Grace & Co*., 475 B.R. 34, 77-78 (Bankr. D. Del. 2012) ("In analyzing the compromise or settlement agreement under the *Martin* factors, courts should not have a mini-trial on the merits, but rather should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." (citations and internal quotation marks omitted)).

23. A review of the four *Martin* factors demonstrates that the settlement with the Settling Parties should be approved. The Trustee and his professionals invested significant time and effort in analyzing the Transfers and considered the defenses asserted and information provided by the Settling Parties. Based on the foregoing considerations, and the facts set forth herein, the Trustee respectfully submits that the Settlement Agreements represent a fair and reasonable compromise that is in the best interest of the Debtors' estates. Each of the Settling Parties asserted several defenses to the Trustee's claims and the settlements represent a fair and reasonable compromise of the claims while avoiding the risks and costs of litigation. As a result of the settlements, the Debtors' estates will recover a total of [redacted] for the benefit of the Debtors' estates, as well as the waiver of certain, potentially significant claims against the Debtors' estates.

24. The Trustee respectfully submits that the settlements are fair, reasonable, and in the best interest of the Debtors' estates and creditors, especially in light of the defenses raised by the Settling Parties as set forth above.

25. The Trustee likewise believes the settlements are founded on the exercise of sound business judgment by the Trustee. Approval of the settlements will allow for resolution of the Trustee's claims without the need for additional litigation, associated discovery, pre-trial motion practice, and possibly trials, thus conserving judicial resources, and avoiding the costs, risks and delays that would be incurred were the Trustee to continue his pursuit of the avoidance and recovery of the Transfers. Finally, the Settlement Agreements were the product of arm's-length negotiation and/or mediation between the parties, after they engaged in an informal, good faith exchange of documents and information during settlement negotiations, which occurred over the course of several months. Accordingly, the Settlement Agreements should be approved.

## NOTICE

26. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors' pre-petition secured lenders, (c) all parties that have requested notice pursuant to Bankruptcy Rule 2002, and (d) the Settling Parties, by counsel. Such notice is reasonable in light of the circumstances of these Chapter 7 Cases and the nature of the relief sought herein.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, approving the Settlement Agreements, and granting such other and further relief as is just and equitable.

Dated: October 5, 2026

**ARCHER & GREINER, P.C.**

*/s/ Natasha M. Songonuga*
Natasha M. Songonuga (Bar No. 5391)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Fax: (302) 777-4352
E-mail: nsongonuga@archerlaw.com

*Attorneys for the Chapter 7 Trustee*