# EXHIBIT 2

## DOCUSIGN SETTLEMENT AGREEMENT

## (REDACTED)

# SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made by and between David W. Carickhoff, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of RAC Investment Holdings, LLC, *et al*. (collectively, the "Debtors"), on the one hand, and Docusign, Inc. (the "Defendant"), on the other hand. The Trustee and Defendant are collectively referred to herein as the "Parties."

## RECITALS

A. On March 14, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 7 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases are being jointly administered under case number 23-10316 (BLS) (the "Bankruptcy Cases"). On the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the chapter 7 trustee for the Debtors' bankruptcy estates.

B. On April 9, 2025, the Court entered the *Order Regarding Motion of Chapter 7 Trustee for Order Establishing Procedures Governing Associated Adversary Proceedings Brought Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550* (Case No. 23-10316 (BLS), Dkt. No. 360) (the "Procedures Order").

C. On August 29, 2025, the Trustee filed a Complaint and commenced Adversary Proceeding No. 26-52213 (BLS) (the "Adversary Proceeding") against Defendant seeking, *inter alia*, to avoid and recover any transfers made to Defendant within ninety (90) days prior to the Petition Date as described in the Complaint (the "Transfers"), pursuant to sections 547, 548 and 550 of the Bankruptcy Code, and to disallow claims pursuant to section 502(d) of the Bankruptcy Code.

D. After filing the Complaint, the Parties engaged in settlement discussions and exchanged additional information on an informal basis about resolving the Adversary Proceeding.

E. During their good faith and arm's length discussions, Defendant asserted that the Transfers are not subject to avoidance and recovery, and that Defendant otherwise has no liability in connection with any of the allegations in the Adversary Proceeding, based upon applicable defenses, including, but not limited to, that they provided subsequent new value after the Transfers (the "Defenses").

F. After continued good faith discussions and the Trustee's review and analysis of the Defenses, and mediation with the Honorable (Ret.) Judith Fitzgerald (the "Mediator"), serving as Mediator for the parties, and the Mediator having made a "mediator's proposal" to the Parties, and both Parties having accepted such proposal, the Parties have agreed to a settlement and resolution of the Adversary Proceeding on the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties as follows.

**AGREEMENT**

1. Incorporation of Recitals. The foregoing recitals are incorporated herein by reference.

2. Settlement Payment to the Trustee. In full and final satisfaction of all claims asserted in the Adversary Proceeding or which the Trustee may otherwise have against Defendant to avoid and recover the Transfers, Defendant agrees to pay to the Trustee, on behalf of the Debtors' bankruptcy estates, the sum of [redacted] (the "Settlement Payment"). Defendant shall make the Settlement Payment in accordance with wire instructions provided by the Trustee. The Settlement Payment shall be paid so that it is received in good funds on or before the thirtieth (30th) day after approval of this Settlement Agreement by the Bankruptcy Court, as set forth in Section 3 below. Prior to, or simultaneously with, the execution of this Settlement Agreement, the Trustee has provided or will provide wire instructions and an IRS Form W-9 for The Estate of RAC Dealership or other named payee to counsel for Defendant.

3. Court Approval. The Parties acknowledge and agree that this Settlement Agreement represents a compromise and settlement of avoidance claims of the Debtors' bankruptcy estates. Approval of this Settlement Agreement shall be, and is, in accordance with the Procedures Order. Upon full execution of this Agreement by the Parties, the Trustee, in accordance with the Procedures Order, shall promptly file a motion with the Court seeking approval of the Settlement Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019(a) (the "Approval Motion"), and subject to the terms of Section 7 below. In the event that the Bankruptcy Court does not approve this Settlement Agreement, (a) the Settlement Agreement shall be null and void and of no force and effect, and (b) the Parties shall be returned to the same positions they were in prior to execution of this Settlement Agreement, as if the Settlement Agreement had never been executed, and the Trustee shall, on or before the tenth (10th) business day after denial of approval of the settlement, return the Settlement Payment to the Defendant.

4. Settlement Effective Date. This Settlement Agreement shall become effective upon the date that the Trustee's receives the Settlement Payment in good and sufficient funds (the "Effective Date").

5. Release by the Trustee on Behalf of the Debtors' Bankruptcy Estates. Upon the Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their bankruptcy estates, and the Debtors, shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged Defendant, together with Defendant's predecessors, successors, parents, subsidiaries, affiliates, assigns, current and former agents, principals, employees, representatives, officers, directors, insurers, accountants, and attorneys, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, that arise from or relate to the Transfers; provided that the foregoing release shall not limit nor be deemed to limit the rights of the Trustee to enforce this Settlement Agreement in accordance with its terms.

6. Release by Defendant. Upon the Effective Date, the Defendant shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged the Debtors and their estates and the Trustee and his agents and representatives from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, including, without limitation, (i) any claim Defendant has or may have under section 502(h) of the Bankruptcy Code, (ii) any pre-petition claim against the Debtors and their estates, including waiving and releasing Proof of Claim 223-1, filed on October 4, 2023 in the amount of $396,696.66, and (iii) any post-petition claim against the Debtors and their estates.

7. Confidentiality. The Parties shall keep the specific terms, conditions, and covenants of this Agreement confidential except: (i) where mutually agreed to in writing by the Parties; (ii) where necessary to share such information with the Parties' respective accountants, attorneys, experts, auditors, or insurers; (iii) to regulatory, governmental, or administrative agencies; or (iv) where disclosure is ordered by a court of competent jurisdiction. The Parties shall not communicate with anyone associated with any media or publication entities concerning the terms of this Agreement. The Trustee shall use his best efforts in keeping the economic terms of this Agreement confidential from the public domain, including filing the Approval Motion with the amount of the Settlement Payment redacted for public filing. Notwithstanding the foregoing, in connection with the Trustee's filing of the Approval Motion, an unredacted copy of this Agreement will be provided to (i) the Bankruptcy Court; (ii) the Office of the United States Trustee; and (iii) any other party as may be ordered by the Bankruptcy Court.

8. Dismissal of Adversary Proceeding. Within ten (10) days of the later of: (i) a final order of the Bankruptcy Court approving this Settlement Agreement or (ii) the Trustee's receipt of the Settlement Payment, the Trustee shall file a Notice of Dismissal dismissing the Adversary Proceeding with prejudice.

9. Entire Agreement. This Settlement Agreement constitutes the entire agreement between the Parties regarding the Transfers and supersedes all prior and contemporaneous oral and written agreements and discussions. This Settlement Agreement may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

10. Representations by the Parties. The Parties acknowledge that they are entering into this Settlement Agreement knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate. The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to this Settlement

Agreement and all matters covered by or related to its subject matter. The Parties declare that they fully understand all of the terms and provisions of this Settlement Agreement and regard the same to be fair and reasonable.

11. No Admission of Liability. This Settlement Agreement is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

12. Successors and Assigns. All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors and legal representatives and estates of each Party.

13. Authority of Signatories. The persons executing this Settlement Agreement on behalf of each Party represent and warrant that they have the authority to do so.

14. Governing Law. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.

15. Non-Reliance and Construction. The Parties have decided to execute this Settlement Agreement based on information developed independently and not in reliance on representations of any other party. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

16. Jurisdiction. The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Settlement Agreement. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

17. Counterparts. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email attachment or executed by any form of electronic means, including Docusign or DocVerify, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

18. Section Headings. Section headings in this Settlement Agreement are included for convenience of reference only and shall not constitute a part of this Settlement Agreement for any other purpose.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement as of the date(s) set forth below.

ACCEPTED AND AGREED TO BY:

DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE

Dated: 9/17, 2026

By: ______________________________
David W. Carickhoff, solely in his capacity as Chapter 7 Trustee of RAC Investment Holdings, LLC, *et al.*

DOCUSIGN, INC.

Dated: September 25, 2026

By: DocuSigned by: Madelyn Jordan-Davis
Name: Madelyn Jordan-Davis
Title: Sr Director and DGC, Employment &Litigation

232562953 v1